481 S.E.2d 451

**The TRAVELERS INSURANCE COMPANY (NC), Respondent,**

**v.**

**The ROOF DOCTOR, INC., Appellant.**

Court of Appeals of South Carolina.

Jan. 31, 1997.

## ORDER

The Travelers Insurance Company (Travelers) filed this action to collect on an account. The President of The Roof Doctor, Inc. submitted an answer on behalf of The Roof Doctor, Inc. The trial judge struck the answer as the President is not an attorney and the action of filing the answer constituted the unauthorized practice of law. The Roof Doctor, Inc. made no further appearance and in a subsequent order, the trial judge entered an order of default and judgment for Travelers. The President of The Roof Doctor, Inc. appeals on behalf of The Roof Doctor, Inc.

This Court notified The Roof Doctor, Inc. that a corporation may not be represented by a non-lawyer individual under *In re: Unauthorized Practice of Law Rules*, 309 S.C. 304, 422 S.E.2d 123 (1992), and requested The Roof Doctor, Inc. notify this Court regarding who would represent them for this appeal. Travelers filed a motion to dismiss the appeal as the President's purported representation of The Roof Doctor, Inc. is in violation of South Carolina law. The President responded arguing the requirement to obtain a lawyer to litigate this matter was tantamount to dismissing the appeal.

In *State v. Wells*, 191 S.C. 468, 5 S.E.2d 181 (1939), *modified by In re: Unauthorized Practice of Law Rules*, 309 S.C. 304, 422 S.E.2d 123 (1992), the Supreme Court held the appearance of an insurance adjuster before the South Carolina Industrial Commission on behalf of his company constituted the unauthorized practice of law. The adjuster argued that a person is authorized to represent himself, and a corporation acts through its agents, thus a corporation should be able to represent itself through one of its agents. The Supreme Court rejected this argument stating "A corporation is not a natural person. It is an artificial entity created by law. Being an artificial entity it cannot appear or act in person. It must act in all its affairs through agents or representatives. In legal matters, it must act, if at all, through licensed

attorneys." *State v. Wells,* 191 S.C. at 480, 5 S.E.2d at 186 (citation omitted).

This rule was modified in *In re: Unauthorized Practice of Law Rules,* 309 S.C. 304, 422 S.E.2d 123 (1992) to allow a non-lawyer, officer, agent, or employee to represent a business entity under South Carolina Code Ann. § 40–5–80 (1986) in civil magistrate's court proceedings. The President's actions in this case constitute the unauthorized practice of law. Accordingly, the motion to dismiss the appeal is GRANTED.

IT IS SO ORDERED.

/s/William T. Howell, C.J.

/s/Jasper M. Cureton, J.

/s/Ralph King Anderson, J.