21289

In the Matter of William Randolph EASLER, Respondent.

(269 S. E. (2d) 765)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Keith M. Babcock, for complainant.*

*William Randolph Easler, pro se.*

September 2, 1980·

*Per Curiam:*

This is a disciplinary matter. The complaint charges respondent William R. Easler with committing several acts of professional misconduct. The allegations stem from his representation of clients in unrelated domestic matters. The Executive Committee of the Board of Commissioners on Grievances and Discipline unanimously adopted the hearing panel's findings and conclusions. In lieu of the panel's recommendation of an indefinite suspension the Executive Committee independently recommended disbarment as the appropriate sanction. We disbar respondent from the practice of law in this State.

The McFarlin matter is the more serious and we need look no further than it for purposes of this decision. Mr.

McFarlin came to respondent in the throes of domestic and financial difficulties. He and his wife shared ownership of a lot as tenants in common. Respondent arranged a sale of Mr. McFarlin's one-half undivided interest to an individual named Lee, described by respondent as a part-time student and process server; and later arranged for the transfer of Mrs. McFarlin's interest to Lee as well. The McFarlins testified respondent was the real purchaser but used Lee as a "straw-man" to avoid the appearance of impropriety.

The upshot of these purported transactions was a fraudulent scheme to obtain the McFarlins' property at a price well below its value at a time made advantageous by the domestic and financial difficulties the McFarlins were undergoing. The purchase price was paid by check of respondent, not Lee;[1] falsified instruments were prepared to consummate the transfer to Lee; and ultimately the property was conveyed from Lee to respondent's mother.

Respondent's machinations were thwarted when the McFarlins, now reconciled, consulted another lawyer and brought an action for damages and to set aside the deeds. A settlement of that lawsuit was most favorable to the McFarlins. Not only did they recover the property, but also an existing mortgage lien had been satisfied and the McFarlins retained the monies paid by respondent for Lee's "straw-man" purchases·

We conclude respondent deliberately defrauded the McFarlins. In his attempt to acquire their property for his personal gain respondent falsely notarized the bogus signature of Mrs. McFarlin on a renunciation of dower form and misrepresented her dower interest on another deed. He also admittedly allowed others in his office to sign his name to various papers and documents filed with the courts and

---

[1] A portion of the consideration was to be in the form of a note and mortgage executed by Lee to Mrs. McFarlin. No such instruments were ever executed. The true involvement of Lee, if any, in this caper is unknown. He was neither called as a witness for respondent nor was his deposition taken. Respondent contended he was unavailable.

as notary. To his further detriment respondent attempted unsuccessfully to confound the proceeedings before the hearing panel in this disciplinary matter.

Respondent's actions in the McFarlin matter fall squarely within the meaning of misconduct as defined in paragraph 5 of our Rule on Disciplinary Procedure. Furthermore, his conduct seriously impinges upon various disciplinary rules of the Code of Professional Responsibility.[2]

Even in these proceedings respondent's attitude and conduct demonstrate and evince a tendency to bring the courts and legal profession into disrepute.

It is therefore ordered that respondent William R. Easler be, and he is hereby, disbarred from the practice of law in this State. He shall immediately surrender to the Clerk of this Court the certificate heretofore issued admitting him to the practice of law.

Disbarred·