In the Matter of William Randolph EASLER, Respondent.
(272 S. E. (2d) 32)

October 24, 1980.

## ORDER

LEWIS, Chief Justice.

Respondent, William Randolph Easler, was disbarred by Order of this Court on September 2, 1980. *In the Matter of William Randolph Easler,* 269 S. E. (2d) 765 (1980). He is presently before the Court on a rule to show cause why he should not be found in contempt for continuing to practice law after having been disbarred.[1]

Respondent is accused of engaging in the practice of law by preparing a deed, having it executed, and filing it in the Spartanburg County Courthouse for a small fee. He admits the acts complained of, but alleges he was merely performing the services of a paralegal.

Paralegals are routinely employed by licensed attorneys to assist in the preparation of legal documents such as deeds and mortgages. The activities of a paralegal do not constitute the practice of law as long as they are limited to work of a preparatory nature, such as legal research, investigation, or the composition of legal documents, which enable the licensed attorney-employer[2] to carry a given matter to a conclusion through his own examination, approval or additional effort. *See State ex rel. Oregon State Bar v. Lenske,* 284 Or. 23, 584 P. (2d) 759 (1978); *The Florida Bar v. Thomson,* 310 So. (2d) 300 (Fla. 1975).

---

[1] The practice of law after disbarment constitutes contempt of court. *See In re Duncan,* 83 S. C. 186, 65 S. E. 210 (1909).

[2] The attention of members of the South Carolina Bar is directed to Ethical Consideration 3-6 of the Code of Professional Responsibility which provides:

> A lawyer often delegates tasks to clerks, secretaries, and other lay persons. Such delegation is proper if the lawyer maintains a direct relationship with his client, supervises the delegated work and has complete professional responsibility for the work product. This delegation enables a lawyer to render legal service more economically and efficiently.

The evidence presently before this Court fails to show that respondent's final work product was subject to the approval of a licensed attorney before recordation or that the parties to the deed conferred with a licensed attorney concerning the deed.

It is therefore adjudged that respondent is in contempt of court for engaging in the practice of law in violation of this Court's Order of disbarment. The South Carolina Law Enforcement Division is hereby ordered to arrest respondent and imprison him in the Richland County Jail for the term of thirty (30) days.

The issue of whether a member of the Bar of this State may, under any circumstances, employ a disbarred attorney to do paralegal work is not here involved; and we indicate no opinion thereabout.

Let this Order be published with the opinion of the Court.