24297

STATE of South Carolina, Plaintiff v. Lovella Mae DESPAIN, Defendant.

(460 S.E. (2d) 576)

Supreme Court

*Sr. Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for plaintiff.*

*Suzanne E. Coe,* Greenville, *for defendant.*

Submitted July 25, 1995.

Decided Aug. 7, 1995.

*Per Curiam:*

The State brought this declaratory judgment action in the Court's original jurisdiction seeking to enjoin defendant from engaging in the unauthorized practice of law. *See In re Unauthorized Practice of Law Rules,* 309 S.C. 304, 422 S.E. (2d) 123 (1992). We grant the injunction.

FACTS

In its complaint, the State alleges that defendant, who is not licensed to practice law in South Carolina or in any other state, is engaged in the unauthorized practice of law by performing services which only a licensed attorney is authorized to perform.

Defendant argues that she merely operates a business which allows customers, who pay a fee, to access a computer program for the preparation of documents to be used in legal proceedings. Defendant expressly denies that she is engaged in the unauthorized practice of law or that operation of her business amounts to the unauthorized practice of law.

By Order of this Court, the Honorable Walter J. Bristow, Jr., was appointed as a Special Master in this matter for the purpose of conducting an evidentiary hearing and issuing a report. A hearing was held on October 10, 1994, and a report issued on May 10, 1995. The Master's factual findings, which neither party has challenged, are summarized as follows:

In the course of operating a business known as Professional Document Services,[1] defendant gives legal advice to individuals, for a fee, about divorce, custody, separation, and child support. By utilizing a computer software program she purchased, defendant also prepares legal documents for others to present in family court.

In at least one case, defendant undertook representation of an individual by mailing to the individual's estranged wife certain documents including a Complaint, Acceptance of Service, and Marital Settlement Agreement, and requesting that those documents be completed and returned for processing in order to obtain a divorce. In at least one other case, defendant represented, and received payment from, both parties in a divorce action. Further, defendant requires her customers to sign an agreement which purports to absolve her of any liability for damages which may result from her preparation of any legal document.

## DISCUSSION

The generally understood definition of the practice of law "embraces the preparation of pleadings, and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts." *In re Duncan*, 83 S.C. 186, 189, 65 S.E. 210, 211 (1909). Applying this definition, we have held that the preparation of a deed for another individual, having the deed executed, and filing the deed, without the approval of a licensed attorney, constitutes the unauthorized practice of law. *In re Easler*, 275 S.C. 400, 272 S.E. (2d) 32 (1980). We have also held that the preparation of deeds, mortgages, notes, and other legal instruments related to mortgage loans and transfers of real property by a commercial title com-

---

[1] Defendant advertised this business in a newspaper under the category "Legal Services."

pany constitutes the unauthorized practice of law. *State v. Buyers Service Co., Inc.*, 292 S.C. 426, 357 S.E. (2d) 15 (1987).

Consistent with these cases, we now hold that the preparation of legal documents for others to present in family court constitutes the practice of law when such preparation involves the giving of advice, consultation, explanation, or recommendations on matters of law. Further, instructing other individuals in the manner in which to prepare and execute such documents is also the practice of law.[2] *Accord State Bar v. Cramer*, 399 Mich. 116, 249 N.W. (2d) 1 (1976); *Oregon State Bar v. Gilchrist*, 272 Or. 552, 538 P. (2d) 913 (1975). The reason such activity must be held to constitute the practice of law is not for the economic protection of the legal profession. Rather, it is for the protection of the public from the potentially severe economic and emotional consequences which may flow from the erroneous preparation of legal documents or the inaccurate legal advice given by persons untrained in the law. *See State v. Buyers Service Co., Inc., supra.*

By giving legal advice to individuals about divorce, custody, separation, and child support, and by preparing and processing legal documents for others, defendant has engaged in the unauthorized practice of law. Therefore, we enjoin defendant from engaging in any further conduct of this nature.

Injunction granted.

BURNETT, J., not participating.

---

[2]We note that the sale or lease of books or computer software simply containing blank legal forms is not the practice of law.