24389

The STATE, Plaintiff v. Melvin J. ROBINSON, defendant.

(468 S.E. (2d) 290)

Supreme Court

*Attorney General Charles Molony Condon* and *Assistant Attorney General James G. Bogle, Jr.,* Columbia, *for plaintiff.*

*William Isaac Diggs,* of *McCutchen, Mumford & Diggs,* Myrtle Beach, *for defendant.*

Heard Dec. 6, 1995.

Filed Mar. 18, 1996.

## INJUNCTION ISSUED

MOORE, Justice:

This case is before us in our original jurisdiction. The State seeks an injunction prohibiting the unauthorized practice of law and solicitation of clients by defendant Robinson. We grant the injunction as follows.

## FACTS

This case was referred to a special master to make findings of fact and conclusions of law. After two evidentiary hearings, the master made findings of fact including the following: 1) Robinson is not licensed or qualified to practice law; 2) he has a business license from Anderson County and advertises in the yellow pages as a "paralegal"; 3) Robinson performs services without attorney supervision; 4) he has represented more the sixteen clients in court; 5) when appearing in family or circuit court, Robinson does not charge a fee to his clients but requires reimbursement for costs; 6) Robinson obtains leave of court to appear pursuant to S.C. Code Ann. § 40-5-80 (1986); and 7) Robinson gives legal advice.

The master concluded as a mater of law that Robinson's appearances in court did not constitute the unauthorized practice of law because he sought and obtained leave of court in each instance. He found, however, that Robinson's solicitation of clients, giving of legal advice, and preparation and filing of legal documents constituted the unauthorized practice of law and recommended Robinson be enjoined from engaging in these activities.

Neither the State nor Robinson takes exception to any of the master's findings of fact.

## ISSUES

1. Does Robinson have a first amendment right to advertise himself as a paralegal?

2. Are giving legal advice and preparing legal documents activities authorized under § 40-5-80?

## DISCUSSION

The advertisement in question here is a yellow pages listing under "Paralegals" that reads as follows:

Robinson Melvin J

"IF YOUR CIVIL RIGHTS HAVE BEEN VIOLATED —CALL ME."
1612 E. River St. . . . . . . . . . . . . . . . . . . .224-7800

Robinson also has a business card he distributes with the same message on it. His business card and letterhead refer to him as "Paralegal Consultant."

It is undisputed the First Amendment does not protect commercial speech that is false, deceptive, or misleading. *Zauderer v. The Office of Disciplinary Counsel,* 471 U.S. 626, 105 S.Ct. 2265, 85 L.Ed. (2d) 652 (1985). Robinson contends, however, that advertising himself as a paralegal is not false since there are no regulations requiring any qualifications to be a paralegal in this State.

This Court has addressed the function of a paralegal in *In re: Easler,* 275 S.C. 400, 272 S.E. (2d) 32 (1980):

Paralegals are routinely employed by licensed attorneys to assist in the preparation of legal documents such as deeds and mortgages. The activities of a paralegal do not constitute the practice of law as long as they are limited to work of a preparatory nature, such as legal research, investigation, or the composition of legal documents, which enable the licensed attorney-employer to carry a given matte to a conclusion through his own examination, approval or additional effort.

*Id.* at 400, 272 S.E. (2d) at 32-33. While there are no regulations dealing specifically with paralegals, requiring a paralegal to work under the supervision of a licensed attorney ensures control over his or her activities by making the supervising attorney responsible. *See* Rule 5.3 of the Rules of Professional Conduct, Rule 407 SCACR (supervising attorney is responsible for work of nonlawyer employees). Accordingly, to legitimately provide services as a paralegal, one must work in conjunction with a licensed attorney. Robinson's advertisement as a paralegal is false since his work product is admittedly not subject to the supervision of a licensed attorney.

Further, the ads statement, "If your civil rights have been violated, call me," is an unlawful solicitation. It is unlawful for one who is not a licensed attorney to solicit the cause of another person. S.C. Code Ann. § 40-5-310 (Supp. 1994). We find Robinson should be enjoined from advertising himself as a paralegal or soliciting the representation of others.

Next, Robinson contends he should not be enjoined from giving legal advice and preparing legal documents since he obtains the right to represent others by leave of court under § 40-5-80. That section is entitled, **"Citizens**

**not prevented from appearing in person or for others without reward"** and provides:

> This chapter shall not be construed so as to prevent a citizen from *prosecuting or defending* his own cause, if he so desires, or *the cause of another, with leave of the court first had and obtained; provided,* that he declare on oath, if required, that he neither has accepted nor will accept or take any fee, gratuity or reward on account of such prosecution or defense or for any other mater relating to the cause.[1]

(Emphasis added.) Robinson argues "defending or prosecuting" necessarily includes giving legal advice and preparing and filing legal papers and therefore the leave granted by the court includes leave to engage in these activities.

This Court has defined the practice of law to include the preparation and filing of legal documents involving the giving of advice, consultation, explanation, or recommendations on matters of law. *State v. Despain,* — S.C. —, 460 S.E. (2d) 576 (1995); *State v. Buyers Service Co.,* 292 S.C. 426, 357 S.E. (2d) 15 (1987). Clearly, one defending or prosecuting a cause of action must engage in these activities. We note, however, the express language of § 40-5-80 requires that leave be obtained *first.* The record indicates Robinson does not always obtain leave before giving advice and preparing pleadings. Accordingly, we find Robinson should be enjoined from preparing and filing legal documents and giving legal advice unless he first obtains leave of court pursuant to § 40-5-80. Further, we emphasize that it is within the trial judge's sound discretion whether to allow such representation.

Injunction issued.

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.

---

[1] This Court has also construed § 40-5-80 to allow a nonlawyer officer, agent, or employee to represent a business in civil magistrate's court for compensation. *In re: Unauthorized Practice of Law Rules,* 309 S.C. 304, 422 S.E. (2d) 123 (1992).