572 S.E.2d 284

**The HOUSING AUTHORITY OF THE CITY OF CHARLESTON, Petitioner,**

v.

**Willie A. KEY, Respondent.**

**No. 25545.**

Supreme Court of South Carolina.

Submitted Sept. 17, 2002.
Decided Oct. 28, 2002.
Certiorari Denied March 24, 2003.

Donald B. Clark, of Rosen, Rosen & Hagood, L.L.C., of Charleston, for petitioner.

Willie A. Key, of Charleston, pro se.

Justice MOORE:

We accepted this case in our original jurisdiction to determine whether respondent has engaged in the unauthorized practice of law. We find he has and enjoin him from further engaging in such conduct.

## FACTS

Petitioner (Housing Authority) commenced this action seeking to enjoin respondent Key from the unauthorized practice of law. We appointed the Honorable John W. Kittredge as special referee to hear evidence and make recommendations. Based on the uncontested facts set forth below, Judge Kittredge concluded respondent had engaged in the unauthorized practice of law and recommended an injunction be issued. No objections to the referee's report have been filed.

Respondent has a paralegal certificate and worked as a paralegal at a law firm in Charleston for three years. He has been unemployed since 2000 and has no address or telephone number. Respondent volunteers at an office referred to as the Fair Housing Office in Charleston advising people who call with landlord complaints. He is not paid. No attorney supervises the office.

In 2001, on behalf of Jacqueline Sarvis and Derotha Robinson, respondent prepared and filed a complaint in federal court alleging unlawful evictions.[1] He appeared at a status conference before the federal magistrate. Respondent also prepared pleadings filed in circuit court alleging an unlawful termination of public assistance rental benefits for Joan Whitley and assisted Ms. Whitley at the hearing in circuit court.[2] Respondent did not sign any of the pleadings he prepared but had them signed by the plaintiffs as *pro se* litigants. He accepted no payment and in fact paid the filing fees out of his own pocket. Respondent did not obtain leave of court to represent any of these clients.[3]

## DISCUSSION

Respondent defends his conduct on the ground he was not paid and he had the clients' permission to represent them.[4]

 The practice of law includes the preparation of pleadings and the management of court proceedings on the behalf of clients. *Doe v. Condon*, 351 S.C. 158, 568 S.E.2d 356 (2002). Respondent's activities on behalf of Whitley, Robinson, and Sarvis constituted the practice of law. The fact that respondent accepted no remuneration for his services is irrelevant. Our purpose in regulating the practice of law is to protect the public from the negative consequences of erroneously prepared legal documents or inaccurate legal advice given by persons untrained in the law. *Linder v. Ins. Claims Consultants, Inc.*, 348 S.C. 477, 560 S.E.2d 612 (2002). We note respondent has shown no indication he intends to discontinue his practice of representing others in court.

---

1. This action was ultimately dismissed as frivolous except for one cause of action; the appeal was dismissed for failure to prosecute.

2. This action was dismissed for lack of subject matter jurisdiction.

3. Under former S.C.Code Ann. § 40–5–80 (1986), a citizen could represent another with leave of the court. This section was recently amended to omit a citizen's right to defend or prosecute the cause of another effective June 5, 2002.

4. Respondent filed no objections to the referee's report but stated this position when he was deposed.

We hereby adopt the referee's findings and enjoin respondent from further engaging in the unauthorized practice of law.

**INJUNCTION ISSUED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.