640 S.E.2d 873

**Beth FRANKLIN and Julianne Franklin, Petitioners,**

v.

**Ernest B. CHAVIS, Respondent.**

**No. 26251.**

Supreme Court of South Carolina.

Heard Oct. 31, 2006.

Decided Jan. 22, 2007.

Adele J. Pope, of Law Offices of Adele J. Pope, PC, of Columbia, for petitioners.

Thomas E. Lydon, of McAngus Goudelock & Courie, LLC, of Columbia, for respondent.

530

Justice MOORE:

We accepted this case in our original jurisdiction to consider whether respondent Ernest Chavis's involvement in drafting a will and other documents for decedent Annie Belle Weiss constituted the unauthorized practice of law.

## FACTS

Petitioners, who are Ms. Weiss's grandnieces, commenced the underlying action [1] contesting her will on grounds of undue influence and lack of capacity. Ms. Weiss was ninety-one years old and in the hospital when she signed this will on July 31, 2004. Petitioners claim Michael Lehman, Ms. Weiss's nephew by marriage, took advantage of her condition to influence her to make this will leaving 60% of her estate [2] to Lehman and only 10% to each of Ms. Weiss's three grand-nieces and their mother, Lynn Franklin.[3] Respondent, a former neighbor of Ms. Weiss, drafted this will. The will names respondent as personal representative of Ms. Weiss's estate but he is not a beneficiary.[4]

Respondent also drafted a power of attorney that Ms. Weiss signed along with the July 31 will. This document names respondent as her attorney-in-fact. Respondent used this power of attorney before Ms. Weiss's death to close a real estate transaction on her behalf. Ms. Weiss died on September 27, 2004.

The third document in question is a Renunciation of Administration regarding the estate of Ms. Weiss's daughter, Sara Crossman, who died in May 2004. Ms. Weiss signed this document on September 14, 2004, relinquishing her right to act as personal representative for Sara's estate and nominating respondent to act in that capacity. Ms. Weiss also signed

---

1. The action was commenced in probate court and removed by consent to circuit court.

2. The net worth of the estate is $897,890.

3. Lynn Franklin is the daughter of Ms. Weiss's sister.

4. Only a month earlier, on June 25th, Ms. Weiss signed a will prepared by her lawyer that names Lynn Franklin as personal representative and Lehman as the alternate. This will was more favorable to petitioners.

a waiver of bond form for Sara's estate enabling respondent to serve without posting bond.

The action before us seeks a declaration that respondent engaged in the unauthorized practice of law by drafting the July 31 will, the power of attorney, and the two probate forms; a declaration that all these documents are void; an injunction; and restitution. The record is replete with claims of misconduct that are relevant only to issues pending in the underlying action regarding undue influence and lack of capacity. We limit the facts here to those relevant to the claim that respondent engaged in the unauthorized practice of law.

## ISSUES

1. Did respondent engage in the unauthorized practice of law?

2. What relief is appropriate?

## DISCUSSION

### 1. Unauthorized practice of law

Petitioners assert respondent engaged in the practice of law by giving legal advice and preparing the above-mentioned legal documents on Ms. Weiss's behalf. Respondent contends he acted as a mere scrivener.

### a. Drafting of July 31 will

Respondent testified that he visited Ms. Weiss socially at her home on July 20, 2004. Respondent is an insurance agent by trade and previously had business dealings with Ms. Weiss. During this visit, Ms. Weiss asked respondent, "Can you help me make a will?" Respondent agreed to help her with a simple will. Ms. Weiss told him she wanted "somebody objective" and she directed respondent as to how she wanted her property divided. Respondent used a "Quicken lawyer disk" to generate a generic will on his home computer and he filled in the blanks. He brought the will to Ms. Weiss on July 31 when he went to visit her in the hospital and she signed it.

The preparation of legal documents constitutes the practice of law when such preparation involves the giving of

advice, consultation, explanation, or recommendations on matters of law. *State v. Despain*, 319 S.C. 317, 319, 460 S.E.2d 576, 578 (1995). Even the preparation of standard forms that require no creative drafting may constitute the practice of law if one acts as more than a mere scrivener. *See State v. Buyers Service Co.*, 292 S.C. 426, 430, 357 S.E.2d 15, 17 (1987). The purpose of prohibiting the unauthorized practice of law is to protect the public from incompetence in the preparation of legal documents and prevent harm resulting from inaccurate legal advice. *Housing Auth. of City of Charleston v. Key*, 352 S.C. 26, 572 S.E.2d 284 (2002); *see also In re Baker*, 8 N.J. 321, 85 A.2d 505, 514 (1951) ("The amateur at law is as dangerous to the community as an amateur surgeon. . . .").

The novel question here is whether respondent's actions in filling in the blanks in a computer-generated generic will constitute the practice of law. Respondent selected the will form, filled in the information given by Ms. Weiss, and arranged the execution of the will at the hospital. Although these facts are not in themselves conclusive, the omission of facts indicating Ms. Weiss's involvement is significant. There is no evidence Ms. Weiss reviewed the will once it was typed. The will was not typed in her presence and although respondent relates the details of what Ms. Weiss told him to do, there is no indication he contemporaneously recorded her instructions and then simply transferred the information to the form.

We construe the role of "scrivener" in this context to mean someone who does nothing more than record verbatim what the decedent says. We conclude respondent's actions in drafting Ms. Weiss's will exceeded those of a mere scrivener and he engaged in the unauthorized practice of law.[5]

---

5. The fact that respondent received no compensation is irrelevant. *Housing Auth. of City of Charleston v. Key*, 352 S.C. 26, 572 S.E.2d 284 (2002). One court has noted that a lack of compensation in fact makes the situation worse.

Indeed, the public may well be in greater need of protection from the unauthorized practice of law where it seems to be done without charge than where a charge is openly made for the services. In the former situation, the public, through natural cupidity, are the more readily attracted to something which appears to be a "giveaway" project or a chance to obtain "something for nothing."

### b. *Drafting power of attorney*

■ Respondent drafted a document entitled "General Power of Attorney" for Ms. Weiss naming respondent as her attorney-in-fact allowing him on her behalf to: 1) open, maintain, or close financial accounts including access to safe deposit boxes; 2) sell property; 3) purchase insurance; 4) collect debts and settle claims; 5) enter contracts; 6) exercise stock rights; 7) maintain or operate business; 8) employ professional and business assistance; 9) sell, lease, mortgage and other acts regarding real estate; 10) prepare, sign, and file documents.

Respondent testified at his deposition that he drafted the power of attorney around July 20 because Ms. Weiss asked him to represent her regarding the sale of some of her real estate. Ms. Weiss signed the power of attorney at the hospital on July 31. It was filed on August 4. Respondent used the power of attorney to close the sale of Ms. Weiss's real estate on August 26, about a month before her death.

There are no details regarding respondent's drafting of this document. It uses legal phrasing with two pages of text and is not a simple form with filled-in blanks. The document itself confers wide-ranging legal rights and would clearly require legal advice in its preparation. We conclude respondent engaged in the practice of law in drafting this document.

### c. *Probate forms*

■ The Renunciation of Right to Administration and the Statement of Agreement to Waive Bond are probate court forms with handwritten information filled in the blanks. While these forms do have legal implications, they are straight-forward and are provided to the public by the court. These simple forms are clearly distinguishable from the will and power of attorney discussed above. Respondent basically inserted names, addresses, and dates. There is no evidence respondent gave legal advice to Ms. Weiss regarding these forms. We find there is no factual support for the claim that respondent engaged in the practice of law by filling out these

---

*Grievance Committee of the Bar of Fairfield County v. Dacey,* 154 Conn. 129, 222 A.2d 339, 351 (1966).

forms. *See Shortz v. Farrell,* 327 Pa. 81, 193 A. 20 (1937) (filling in simple forms provided by tribunal not unauthorized practice of law).

## 2. *Relief*

Petitioners ask this Court to enjoin respondent from the unauthorized practice of law. Respondent states that he has no intention of assisting others in any matters related to wills or powers of attorney and therefore he does not object to an injunction.

■ Petitioners further assert that because respondent engaged in the unauthorized practice of law in drafting Ms. Weiss's will, he should be removed as personal representative. We decline to order petitioner's removal based on the record before us [6] but conclude respondent should receive no fee for his services as personal representative of the Weiss estate. In *Linder v. Ins. Claims Consultants, Inc.,* 348 S.C. 477, 560 S.E.2d 612 (2002), we addressed the activities of public insurance adjusters and determined that those functions constituting the unauthorized practice of law should not be compensated. Here, although respondent was not compensated for drafting the will, he is entitled to a statutory amount of compensation up to 5% of the appraised value of the estate for his services as personal representative. S.C.Code Ann. § 62–3–719 (Supp.2005). Respondent's entitlement to a fee as personal representative flows directly from his unauthorized practice of law in drafting a will naming himself as personal representative. Accordingly, respondent shall not receive any fee as personal representative of the Weiss estate and shall disgorge any fee received thus far.

■ Petitioners also complain that respondent is using estate funds to defend the action below which challenges the will on the ground of undue influence. This is a legitimate use of estate funds under S.C.Code Ann. § 62–3–720 (1987) which allows for the expenses of estate litigation to be paid by the estate. The lower court may determine that respondent should be liable for these expenses depending upon its findings in the underlying action.

---

**6.** Removal for cause is provided by statute under S.C.Code Ann. § 62–3–611 (1987), a remedy petitioners are free to request in the underlying action.

 Petitioners contend the will drafted by respondent should be declared void. We disagree. The claims of undue influence and lack of capacity, which would invalidate Ms. Weiss's will, are issues to be resolved in the underlying action. If the July 31 will was in fact drafted pursuant to Ms. Weiss's true wishes, it should not be invalidated simply because it was drafted by a nonlawyer. *Accord In re: Peterson's Estate*, 230 Minn. 478, 42 N.W.2d 59 (1950) (refusing to void a will whose validity was challenged on the ground it was drafted by a nonlawyer because testator should not be penalized by having his will declared void).[7]

 Finally, petitioners ask us to order restitution for alleged financial missteps by respondent in managing the Weiss and Crossman assets. There is no private right of action in South Carolina for the unauthorized practice of law. *Linder v. Ins. Claims Consultants, Inc., supra.* Petitioners' claim for restitution is based on an alleged breach of fiduciary duty and is not appropriate relief in an action based on the unauthorized practice of law.

**RELIEF GRANTED IN PART.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

7. Regarding the power of attorney, it is no longer valid since Ms. Weiss is deceased. Further, petitioners do not contest the real estate transaction accomplished pursuant to the power of attorney and there is nothing to be achieved by voiding the power of attorney now.