Dear Mr. Durant:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 Does the preparation of acts of sale and other deeds regarding immovable property by contractors of the Department of Transportation and Development ["DOTD"] who are not lawyers constitute the unauthorized practice of law?
You go on to ask if these contractors are engaged in the unauthorized practice of law as proscribed by LSA-R.S. 37:212 and 213.
Ultimately, the question of what constitutes the unauthorized practice of law would rest with the judiciary, which would make its decision on the facts and circumstances presented. This office does not make such binding determinations, nevertheless, we offer the following discussion of what we believe are the pertinent issues.
Louisiana Revised Statute 37:212(A) is as follows:
 § 212. "Practice of law" defined
 A. The practice of law means and includes:
 (1) In a representative capacity, the appearance as an advocate, or the drawing of papers, *Page 2 
pleadings or documents, or the performance of any act in connection with pending or prospective proceedings before any court of record in this state; or
 (2) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect;
 (a) The advising or counseling of another as to secular law;
 (b) In behalf of another, the drawing or procuring, or the assisting in the drawing or procuring of a paper, document, or instrument affecting or relating to secular rights;
 (c) The doing of any act, in behalf of another, tending to obtain or secure for the other the prevention or the redress of a wrong or the enforcement or establishment of a right; or
 (d) Certifying or giving opinions as to title to immovable property or any interest therein or as to the rank or priority or validity of a lien, privilege or mortgage as well as the preparation of acts of sale, mortgages, credit sales or any acts or other documents passing titles to or encumbering immovable property.
In addition, LSA-R.S. 37:212(B), (C), and (D) delineate several exceptions to the general rule in 212(A). These exceptions are:
 B. Nothing in this Section prohibits any person from attending to and caring for his own business, claims, or demands; or from preparing abstracts of title; or from insuring titles to property, movable or immovable, or an interest therein, or a privilege and encumbrance thereon, but every title insurance contract relating to immovable property must be based upon the certification or opinion of a licensed Louisiana attorney authorized to engage in the practice of law. Nothing in this Section prohibits any person from performing, as a notary public, any act necessary or incidental to the exercise of the powers and functions of the *Page 3 
office of notary public, as those powers are delineated in Louisiana Revised Statutes of 1950, Title 35, Section 1, et seq.
 C. Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting any claim, not exceeding five thousand dollars, or defense pertaining to an open account or promissory note, or suit for eviction of tenants on its own behalf in the courts of limited jurisdiction on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
 D. Nothing in Article V, Section 24, of the Constitution of Louisiana or this Section shall prohibit justices or judges from performing all acts necessary or incumbent to the authorized exercise of duties as judge advocates or legal officers.
Section 213 of Title 37 prohibits anyone who has not been licensed and admitted to practice law by the Louisiana Supreme Court from practicing law in Louisiana. This section is as follows:
 § 213. Persons, professional associations, personal corporations, and limited liability companies entitled to practice law; penalty for unlawful practice
 A. No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 8 of Title 12 of the Revised Statutes, and no partnership or limited liability company except one formed for the practice of law and composed of such natural persons, corporations, voluntary associations, or limited liability companies, all of whom are duly and regularly licensed and admitted to the practice of law, shall:
 (1) Practice law.
 (2) Furnish attorneys or counsel or an attorney and counsel to render legal services.
 (3) Hold himself or itself out to the public as being entitled to practice law. *Page 4 
 (4) Render or furnish legal services or advice.
 (5) Assume to be an attorney at law or counselor at law.
 (6) Assume, use, or advertise the title of lawyer, attorney, counselor, advocate or equivalent terms in any language, or any phrase containing any of these titles in such manner as to convey the impression that he is a practitioner of law.
 (7) In any manner advertise that he, either alone or together with any other person, has, owns, conducts, or maintains an office of any kind for the practice of law.
 B. This Section does not prevent any corporation or voluntary association formed for benevolent or charitable purposes and recognized by law from furnishing an attorney at law to give free assistance to persons without means.
 C. Any natural person who violates any provision of this Section shall be fined not more than one thousand dollars or imprisoned for not more than two years, or both.
 D. Any partnership, corporation, or voluntary association which violates this Section shall be fined not more than five thousand dollars. Every officer, trustee, director, agent, or employee of a corporation or voluntary association who, directly or indirectly, engages in any act violating any provision of this Section or assists the corporation or voluntary association in the performance of any such violation is subject to the penalties prescribed in this Section for violations by a natural person.
It should be noted that the regulation of the practice of law and the admission to such practice of any given person is actually under the jurisdiction and inherent power of the Supreme Court of Louisiana, not the legislature. Thus, the courts of this state will uphold all of the legislation that aids such jurisdiction and the court's inherent power in this matter but will strike down as unconstitutional legislative provisions in derogation of such inherent judicial power. Meunier v.Bernich, 170 So. 567 (Orl. Cir. 1936).
In your opinion request, you state that the DOTD routinely acquires immovable property for highway construction and improvement. To acquire this property, *Page 5 
you state that after the property is appraised, a "negotiator" is employed to make a formal offer to the landowner to purchase the property for the appraised value. You go on to explain that the negotiator prepares the act of sale (or other deed, such as a drainage servitude), and sends it to the landowner. From this point the negotiator is authorized to negotiate with the landowner to sign the act of sale, receive counteroffers from the landowner, and revise the act of sale if a landowner's counteroffer is approved by DOTD. It is our understanding that only if a parcel is not acquired through this amicable negotiation process, it is turned over to the DOTD Legal Section for expropriation.
Also, it is the practice of DOTD to allow these negotiators to draft the act of sale from forms prepared by DOTD Real Estate Section, customizing the forms as the situation warrants. The negotiator then submits the act of sale to personnel in the Real Estate Section, who are not lawyers, for review and approval. These negotiators are not required to be lawyers, although they are hired, for consideration, to perform negotiations with landowners and draft acts of sale which pass title on immovable property. Apparently, some of these negotiators are regular employees of DOTD; however, it seems that others are not but rather independent contractors hired by DOTD under contract to perform these services.
It further appears that they are armed with not only pre-worded contract language but also several pre-worded discrete paragraphs and allowed to select and add to the overall contract certain of these paragraphs (but not necessarily others not thus selected) that they conclude are appropriate to the particular circumstances and situation and/or what additional type of property or property interest is needed by DOTD. Many of these pre-worded form contracts and paragraphs appear to have been originated by an attorney, if one judges the language carefully, but no one really knows anymore where all of this language actually came from, since it is so old. And some of it could have originated by the DOTD Real Estate Section.
In Crawford v. Deshotels, 359 So.2d 118 (La. 1978), following and expanding on its previous decision in Placid Oil Company v. Taylor,306 So.2d 664 (La. 1975), a majority of the Supreme Court of Louisiana held, among other things, that services which consisted of obtaining quitclaim deeds which a non-lawyer personally prepared in order to perfect a title to an undivided one-sixth interest in property did not constitute the prohibited practice of law by a layman. The court majority approvingly quoted from both the Placid Oil case and the court of appeal in the Crawford case that it was not illegally practicing law to perform those services "historically rendered by [a] landman." The case quoted one definition of a "landman" as
 [a]n employee of an oil company whose primary duties are the management of the company's relations with its landowners. Such *Page 6 
duties include the securing of oil and gas leases, lease amendments, pooling and unitization agreements and instruments necessary for curing title defects from landowners.
The court majority noted that one can also be an independent landman, as was the plaintiff in that very case. See also generally LouisianaPractice — Real Estate § 21:2.
A quick survey of cases and legal materials from across the nation reveals that the Supreme Court of Louisiana is in step with the majority of the courts of other states. As the Supreme Court of Indiana explained,
 Confining the practice of law to licensed attorneys is designed to protect the public from the potentially severe consequences of following advice on legal matters from unqualified persons. It is not intended to reserve to attorneys activities that may safely be conducted by laypersons.
Charter One Mortgage Corporation v. Condra, No. 49S05-0612-CV-497 (Ind. 5/2/07), 865 N.E.2d 602, 605. In the Condra case, a layman prepared mortgage papers, and in those peculiar circumstances, it was held not to be an illegal practicing of law. It appears that the general view is that a layman's merely filling in forms with factual information and performing other "ministerial" services does not constitute the illegal practice of law, nor, at least in some states, is it illegally practicing law to draft very simple documents, such as quitclaim deeds usually are. However, it also appears to be the general view that if a non-lawyer attempts to give legal advice on the legal effects of the filled-in forms or if he attempts to draft new language creating complex or new or hybrid types of legal rights or interests, he is illegally practicing law. See, generally, R. J. Edwards, Inc. v. Hert, 1972 OK 151, 504 P.2d 407 (Okla. 1972); Franklin v. Chavis, 371 S.C. 527, 640 S.E.2d 873 (S.C. 2007);Countrywide Home Loans, Inc. v. Kentucky Bar Ass'n, 113 S.W.3d 105,119 A.L.R.5th 641 (Ky. 2003); C.J.S. "Attorney-Client" § 31; and 151 A.L.R. 781.
Hence, it is difficult, if not impossible, to answer your question with a simple black-and-white answer. If, on one occasion, a DOTD negotiator simply negotiates the price of property and fills in the blanks of a simple sale with factual material, clearly he is not practicing law, but if he attempts to explain to others the legal effects of the sale or other clauses in the contract, he will likely be guilty of illegally practicing law. Your problem appears to be compounded by the fact that the origins of some of these forms and addendum of additional clauses may well be beyond the memory of anyone who is currently employed by DOTD; while the form language in some of these items appear inherently to have originally been drafted by an attorney-at-law, no one can seem definitively to be a witness to such fact. Some of these forms and additional clauses appear to be *Page 7 
simple, but others seem complex. And certain mixtures of them could create an inconsistent document difficult to interpret. The good news is that this problem is easy to avoid in the case of DOTD, which has its own legal department; sending all of these documents for a quick review, edit, commentary, and approval by its legal staff before completing each transaction can usually avoid the problem altogether. And it is our very strong advice that DOTD do so.
We trust that this opinion adequately answers your question, but if you have any further questions on this general question or on very specific instances where you can provide us more details about what is taking place, please do not hesitate to ask them of us. With warmest regards, we remain
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: THOMAS S. HALLIGAN
 Assistant Attorney General
 JDC/TSH/sfj