**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo, N.A., Respondent,

v.

Ronald R. Watkins and Stefan Acres Property Owners Association, Inc., Defendants,

Of Whom Ronald R. Watkins is the Appellant.

Wells Fargo, N.A., Respondent,

v.

Ronald R. Watkins and Stefan Acres Property Owners Association, Inc., Defendants,

Of Whom Ronald R. Watkins is the Appellant.

Wells Fargo, N.A., Respondent,

v.

Ronald R. Watkins and Ashland Plantation Property Owners Association, Inc., Defendants,

Of Whom Ronald R. Watkins is the Appellant.

Appellate Case No. 2011-203407

—————————

Appeal From Charleston County

Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2013-UP-126
Heard March 6, 2013 – Filed March 27, 2013

**AFFIRMED IN PART AND DISMISSED IN PART**

Brian Morris Knowles, of Knowles Law Firm, PC, of
Summerville, for Appellant.

Thomas E. Lydon, of McAngus Goudelock & Courie,
LLC, of Columbia, for Respondent.

**PER CURIAM:** Ronald R. Watkins appeals (1) the circuit court's grant of Wells
Fargo, N.A.'s (the Bank's) motion to dismiss or for summary judgment and (2) the
denial of his summary judgment motion in these foreclosure actions. We affirm in
part and dismiss in part pursuant to Rule 220(b), SCACR, and the following
authorities:

1.      As to the grant of the Bank's motion to dismiss or for summary judgment on
Watkins's counterclaims for declaratory judgment and violation of South Carolina's
Unfair Trade Practices Act based on the unauthorized practice of law: *Franklin v.
Chavis*, 371 S.C. 527, 535, 640 S.E.2d 873, 877 (2007) ("There is no private right
of action in South Carolina for the unauthorized practice of law." (citing *Linder v.
Ins. Claims Consultants, Inc.*, 348 S.C. 477, 96-97, 560 S.E.2d 612, 622-23
(2002)); *Hambrick v. GMAC Mortg. Corp.*, 370 S.C. 118, 123-24, 634 S.E.2d 5, 8-
9 (Ct. App. 2006) (affirming dismissal of complaint when charges of unauthorized
practice of law were the basis for all alleged causes of action because only the
South Carolina Supreme Court can determine what constitutes the unauthorized
practice of law and no private cause of action for the unauthorized practice of law
exists).

2.      As to the denial of Watkins's motion for summary judgment on the Bank's
foreclosure actions based on the affirmative defense of unclean hands: *Ballenger v.*

*Bowen*, 313 S.C. 476, 477-78, 443 S.E.2d 379, 380 (1994) ("[T]he denial of summary judgment does not *finally* determine anything about the merits of the case and does not have the effect of striking any defense since that defense may be raised again later in the proceedings.  Therefore, an order denying a motion for summary judgment is not appealable."); *Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 167-68, 580 S.E.2d 440, 443-44 (2003) (holding the denial of summary judgment may not be reviewed even if another appealable issue is before the court).

**AFFIRMED IN PART AND DISMISSED IN PART.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**