# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Ex Parte Ninth Judicial Circuit Solicitor Scarlett A. Wilson, Petitioner.

In re Bradley Rowland Marshall, Respondent.

Appellate Case No. 2017-001951

---

## ORIGINAL JURISDICTION

---

Opinion No. 27919
Submitted August 15, 2019 – Filed September 25, 2019

---

## JUDGMENT DECLARED

---

Benjamin Chad Simpson, of Charleston, for Petitioner.

Bradley Rowland Marshall, of Mt. Pleasant, *pro se*.

---

**PER CURIAM:** We agreed to hear this declaratory judgment action in our original jurisdiction to determine whether Respondent has engaged in the unauthorized practice of law (UPL). The matter was referred to a Special Referee to take evidence and issue a report containing proposed findings of fact and recommendations to the Court. Following a hearing, the Special Referee issued a report concluding Respondent engaged in UPL. Respondent has filed exceptions to the Report. We hold Respondent has engaged in UPL and enjoin him from any further UPL.

# UNDERLYING FACTS

Respondent was disbarred by the Washington Supreme Court on October 1, 2009,[1] by the Ninth Circuit Court of Appeals on May 25, 2010,[2] and by the United States Supreme Court on December 13, 2010.[3] He is no longer licensed to practice law in any state.

Respondent is currently the sole proprietor of Chartmans, Inc. According to the company's website, Chartmans "serves as a legal consultant to federal workers, contractors, foreign states, statesmen and companies doing business abroad. In today's world, legal representation is essential. Whether it is in U.S. administrative hearings, before international tribunals, foreign courts, or in mediations and arbitrations abroad, CHARTMANS ensures its clients continue to grow through compassionate problem-solving, pragmatic negotiations and unwavering litigation." The website further states, "If you are a federal contractor or employed by a federal agency, department or entity in the United States or overseas and are dealing with an employment dispute, you need adequate legal representation. Any problem you may run into in dealing with employment discrimination, work-place disputes or business problems in the States or overseas, Chartmans is prepared to provide comprehensive and compassionate representation." Respondent's biographical information on the website states, "Mr. Marshall is a conciliator, broker and litigator" and indicates he has "considerable experience as an American lawyer, cleric and foreign legal and business consultant." Chartmans' letterhead indicates the company specializes in "Longshore and Federal Worker Claims."

Pursuant to the regulation in effect at the time of Respondent's actions, 29 C.F.R. §18.34(g)(2) (2011),[4] any citizen who is not an attorney was permitted to appear in a representative capacity in an adjudicative proceeding before the Department of Labor's Office of Administrative Law Judges (OALJ). Claims under the Longshoremen's and Harbor Workers' Compensation Act (Longshoremen's Act) are decided by the OALJ. After his disbarment, Respondent represented numerous

---

[1] *In re Marshall*, 217 P.3d 291 (Wash. 2009), *cert. denied*, 561 U.S. 1008 (2010).

[2] *In re Marshall*, Case No. 07–80092 (9th Cir. 2010).

[3] *In re Marshall*, 562 U.S. 1105 (2010).

[4] The current regulation defining attorney representatives and non-attorney representatives is 29 C.F.R. §18.22 (West 2019).

clients in Longshoremen's Act claims before the OALJ.

On November 2, 2011, United States Department of Labor Administrative Law Judge Jennifer Gee disqualified Respondent from appearing before the OALJ in a case arising under the Longshoremen's Act because he was an attorney as defined by 29 C.F.R. § 18.34(g)(1) and, therefore, could not appear as a non-attorney as defined by 29 C.F.R. § 18.34(g)(2). Subsequently, United States Department of Labor Administrative Law Judge Stephen Purcell issued a Notice of Judicial Inquiry and Order to Show Cause why the OALJ should not afford reciprocal effect to Washington's disbarment of Respondent. On December 8, 2011, Judge Purcell issued an order denying Respondent the authority to appear in a representative capacity before the OALJ. The United States District Court dismissed Respondent's action challenging the orders of Judge Gee and Judge Purcell under the Administrative Procedures Act and denied his motion for reconsideration. *Marshall v. Purcell*, No. 2:12–cv–00084–RMG (D.S.C. Jan. 2, 2013). The Fourth Circuit Court of Appeals affirmed. *Marshall v. Purcell*, 521 F. App'x 200 (4th Cir. 2013).

## LAW

The United States Supreme Court has held a state may not enforce attorney licensing requirements that give the state's attorney licensing authority "a virtual power of review over the federal determination that a person or agency is qualified and entitled to perform certain functions, or which impose upon the performance of activity sanctioned by federal license additional conditions not contemplated by Congress." *Sperry v. State of Fla. ex rel. Florida Bar*, 373 U.S. 379, 385 (1963). Pursuant to *Sperry*, when a state licensing law excludes a lawyer from practice that federal rules expressly allow, the two rules conflict, and the state law is preempted by the federal law. *Id*. However, if the authorization to practice before federal agencies and courts is withdrawn, the practice becomes subject to this Court's authority to regulate the practice of law in South Carolina. *See* S.C. Const. art. V, § 4 ("The Supreme Court shall have jurisdiction over the admission to the practice of law and the discipline of persons admitted."); S.C. Code Ann. § 40-5-10 (2011) (recognizing the inherent power of the South Carolina Supreme Court to regulate the practice of law); *In re Lite Ray Realty Corp.,* 257 B.R. 150, 153 (Bankr. S.D.N.Y. 2001) (holding the ability to practice in federal court depends on the extent of the "federal exception" to the unauthorized practice of law, which insulates a lawyer, acting within the scope of an authorization to practice before a federal court, from the charge of violating state restrictions on the unauthorized practice of law); *People v. Shell*, 148 P.3d 162, 175 (Colo. 2006) (holding in the absence of preemption by the federal courts, the state court has the power to

sanction an individual for the unauthorized practice of law in a federal action); *In re Amalgamated Dev. Co., Inc.*, 375 A.2d 494, 497 (D.C. 1977) (holding if the federal government has not granted a license to practice in an area, a state is free to enforce its own licensing regulations because the state is not interfering with any federal purpose); *In re Lyon*, 16 N.E.2d 74, 77 (Mass. 1938) ("[W]e see no reason why our policy or statute should give way in favor of persons who seek to escape State regulation of the practice of law on the ground that their practice is within the field of Federal jurisdiction, when they are not authorized to [practice] in that jurisdiction."); *Cleveland Bar Ass'n v. Boyd*, 859 N.E.2d 930, 932 (Ohio 2006) (holding except to the limited extent necessary to protect peculiarly federal objectives, the state may enjoin the unauthorized practice of law before federal courts in Ohio); *In re Unauthorized Practice of Law Rules Proposed by S.C. Bar*, 309 S.C. 304, 305, 422 S.E.2d 123, 124 (1992) (noting the South Carolina Supreme Court has the duty to regulate the practice of law in South Carolina).

Because whether Respondent's representation of Longshoremen's Act clients before the OALJ prior to the orders prohibiting him from appearing before the OALJ constituted UPL is a question for federal determination, we express no opinion as to the propriety of that representation. However, we hold any representation of clients by Respondent in actions before the OALJ after he was prohibited from appearing before the OALJ constitutes UPL and enjoin Respondent from any further representation of clients before the OALJ.

Respondent's provision of advice to clients, negotiation of settlements, and general case management of claims under the South Carolina Workers' Compensation Act without the supervision of a licensed attorney; participation in the drafting of settlement agreements and other agreements affecting title to real property; negotiation of legal rights and responsibilities on behalf of other individuals; and provision of advice to individuals on the desirability of settlement offers or contract terms under South Carolina law also constitutes UPL and may be regulated by this Court. *See Rogers Townsend & Thomas, PC v. Peck*, 419 S.C. 240, 244, 797 S.E.2d 396, 398 (2017) ("Generally, the practice of law includes 'the preparation of pleadings, and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts.'" (quoting *State v. Despain*, 319 S.C. 317, 319, 460 S.E.2d 576, 577 (1995))); *State v. Buyers Serv. Co.*, 292 S.C. 426, 430, 357 S.E.2d 15, 17 (1987) ("The practice of law is not confined to litigation, but extends to activities in other fields which entail specialized legal knowledge and ability."). Accordingly, we enjoin Respondent from any further actions of this nature.

**JUDGMENT DECLARED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**