**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Ex Parte Patrick Lee Booker, Petitioner,

In re: Patrick Lee Booker, News 19 (WLTX-TV), WYFF 4, FOX Carolina, New York Post, Live 5 News, The State News, The Greenville News, Plaintiffs,

v.

State of South Carolina, and Supreme Court of South Carolina, Defendants.

Appellate Case No. 2023-000702

---

**ORIGINAL JURISDICTION**

---

Memorandum Opinion No. 2024-MO-017
Submitted June 3, 2024 – Filed July 3, 2024

---

**JUDGMENT DECLARED**

---

Patrick Lee Booker, of Greenwood, *pro se*.

Attorney General Alan McCrory Wilson, of Columbia, for Respondent State of South Carolina.

**PER CURIAM:**  Petitioner Patrick Lee Booker has filed a petition for declaratory judgment in our original jurisdiction to determine whether it is the unauthorized practice of law for him to represent various news media outlets, acting as a "certified legal assistant/paralegal."  Additionally, Mr. Booker has filed a motion to reopen Appellate Case No. 2017-001573 and certify that matter to the Governor pursuant to section 14-3-60 of the South Carolina Code (2017), and a motion to expedite the hearing and decision.  We grant the request to issue a declaratory judgment in our original jurisdiction and hold Mr. Booker would engage in the unauthorized practice of law if he attempted to represent the news media outlets. We further deny the motion to reopen Appellate Case No. 2017-001573 and certify it to the Governor and the motion to expedite the hearing and decision.

## LAW

Pursuant to the South Carolina Constitution, this Court has the duty to regulate the practice of law in South Carolina.  S.C. Const. art. V, § 4; *In re Unauthorized Practice of Law Rules*, 309 S.C. 304, 305, 422 S.E.2d 123, 124 (1992); *see also* S.C. Code Ann. § 40-5-10 (2011) (stating the Supreme Court has inherent power with respect to regulating the practice of law).  The Court's duty to regulate the practice of law and the legal profession "is to protect *the public* from the potentially severe economic and emotional consequences which may flow from the erroneous preparation of legal documents or the inaccurate legal advice given by persons untrained in the law."  *Linder v. Ins. Claims Consultants, Inc.*, 348 S.C. 477, 468–87, 560 S.E.2d 612, 617 (2002); *see also Hous. Auth. of City of Charleston v. Key*, 352 S.C. 26, 28, 572 S.E.2d 284, 285 (2002) ("Our purpose in regulating the practice of law is to protect the public from the negative consequences of erroneously prepared legal documents or inaccurate legal advice given by person untrained in the law.").

The practice of law includes preparing pleadings and managing court proceedings on behalf of clients.  *Key*, 352 S.C. at 28, 572 S.E.2d at 285.  The practice of law also includes the preparation and filing of legal documents involving the giving of advice, consultation, explanation, or recommendations on matters of law.  *State v. Robinson*, 321 S.C. 286, 290, 468 S.E.2d 290, 292 (1996).

In providing services, a paralegal must work in conjunction with a licensed attorney. *Robinson*, 321 S.C. at 289, 468 S.E.2d at 291 (stating that to legitimately provide services as a paralegal, one must work in conjunction with a licensed attorney, which ensures control over the paralegal's activities by making the supervising attorney responsible under Rule 5.3, RPC, Rule 407, SCACR).

Section 14-3-60 allows the Court to certify a matter to the Governor in cases where "all or any of the justices of the Supreme Court shall be disqualified or be otherwise prevented from presiding in any cause."

## DISCUSSION

Initially, we note Mr. Booker has provided no proof the various news media outlets have agreed to or are even aware of Mr. Booker's attempt to represent them. Further, while Mr. Booker self-identifies as a "certified Legal Assistant/Paralegal," the South Carolina Bar has no record of Mr. Booker being certified as a paralegal in this state. However, whether Mr. Booker is certified as a paralegal or not, his filing of a declaratory judgment proceeding on behalf of the news media outlets would constitute the unauthorized practice of law. *See Key*, 352 S.C. at 28, 572 S.E.2d at 285 (stating the practice of law includes the preparation of pleadings and the management of court proceedings on behalf of clients); *Robinson*, 321 S.C. at 290, 468 S.E.2d at 292 (noting the Court has "defined the practice of law to include the preparation and filing of legal documents involving the giving of advice, consultation, explanation, or recommendations on matters of law"). Additionally, Mr. Booker is not working in conjunction with a licensed attorney; therefore, he cannot provide services as a paralegal. *See Robinson*, 321 S.C. at 289, 468 S.E.2d at 291 (stating that to legitimately provide services as a paralegal, one must work in conjunction with a licensed attorney, which ensures control over the paralegal activities by making the supervising attorney responsible under Rule 5.3, RPC, Rule 407, SCACR).

As to Mr. Booker's motion to reopen and certify Appellate Case No. 2017-001573 to the Governor, the Court ruled on that matter in 2017, and Mr. Booker did not request certification to the Governor at that time. Even if the Court should have been disqualified or otherwise prevented from ruling on the matter, Mr. Booker cannot seek certification of a previously decided matter six years after the matter was determined.

## CONCLUSION

Based on the foregoing, we hold it would be the unauthorized practice of law for Mr. Booker to bring a declaratory judgment proceeding on behalf of the news media outlets. We also deny Mr. Booker's motion to reopen Appellate Case No. 2017-001573 and certify the matter to the Governor. Finally, we deny Mr. Booker's motion to expedite the hearing and decision.


**JUDGMENT DECLARED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**