14944

STATE *EX REL.* DANIEL, ATTORNEY GENERAL *ET AL.,* v. WELLS

(5 S. E. (2d), 181)

February, 1939.

*Messrs. John M. Daniel, Attorney General, James F. Dreher, C. T. Graydon, Frank B. Gary, Jr., D. W. Galloway, Huger Sinkler* and *C. G. Wyche,* for petitioner,

*Messrs. Douglas McKay* and *William Elliott, Jr.,* for respondent,

*Messrs. Douglas McKay, Elliott, McLain, Wardlaw &
Elliott* and *Stephen Nettles,* for National Ass'n of Mutual
Casualty Companies, as *amicus curiae,*

October 20, 1939.

*Per curiam.*

This proceeding was instituted in the original jurisdiction
of this Court upon petition which, briefly stated, alleged that
respondent was a paid representative of the American Mu-
tual Liability Insurance Company, which was engaged in
writing insurance under the Workmen's Compensation Act
of this State; that, as such representative, the respondent
had on numerous occasions appeared before the individual
commissioners of the South Carolina Industrial Commis-
sion, had conducted hearings before such commissioners,
in the course of which he filed pleadings, stated grounds,
examined and cross-examined witnesses and made argu-
ments; that such action constituted the practice of law; and
that respondent was not a licensed attorney of this or any
other state. Upon this petition, a rule to show cause was is-
sued by the Chief Justice of this Court directing respondent
to show cause why he should not be adjudged in contempt of
Court. The return of respondent admits that he is a salaried
claim adjuster employed by said insurance company; that,
among his other duties, he appears at the hearings before the
individual commissioners; and that he is not an attorney. It
is further alleged that his compensation covers his general
services as a claim adjuster and his services at such hearings
constitute only a minor part of his duties. It further alleged
that he receives for such appearances no special or additional

compensation. Respondent denies that any acts of his constitute the unauthorized practice of law.

Elaborate briefs have been filed, including brief in behalf of the National Association of Mutual Casualty Companies, *amicus curiae*.

The major question for determination is whether an appearance before a single commissioner in hearings under the Workmen's Compensation Act of this State constitutes the practice of law.

In the determination of this question it is necessary to review the pertinent sections of the statute establishing the South Carolina Industrial Commission and providing for hearings before single commissioners, as well as the rules adopted by the commission for the conduct of such hearings. Under the terms of the Act, Acts of 1936, approved July 17, 1935, 39 Statutes at Large, 1231, the South Carolina Industrial Commission consists of five commissioners who are empowered to make rules for carrying out the provisions of the Act. The Act permits, with the approval of the commission, the employer and the injured employee to reach an agreement, but if the injured employee or his dependents and the employer fail to reach an agreement, a hearing is had in regard to the matters at issue. The hearing may be had before the commission or any of its members. Usually such hearing is before a single member of the commission. At such hearing the commissioner ascertains the disputed issues of law or fact, swears witnesses and takes such testimony a may be offered by the interested parties. Witnesses are examined and cross-examined by the interested parties or their representatives or by the commissioner. After the hearing, the commissioner makes an award, together with a statement of his findings of fact, rulings and conclusions of law, and other matters pertinent to the issues. A complete record is made of the proceedings, including a transcript of the testimony. Any party who feels aggrieved by the award may appeal within a stipulated time to the full commission,

who is empowered to review the award and, if good grounds be shown, reconsider the evidence, receive further evidence, rehear the parties, and if it deems proper, to amend the award. Usually the hearing before the full commission is had entirely upon the record taken before the single commissioner. The award of the single commissioner is final unless reviewed in due time, or if reviewed, the award of the full commission is conclusive and final as to all questions of fact, with the right of either party within a stipulated time to appeal to the Circuit Court on account of any errors of law. The Court cannot review issues of fact. Any party in interest may file in the Circuit Court a certified copy of an award whereupon the Court is empowered to render judgment in accordance therewith, which has the same force and effect as any other judgment of the Circuit Court.

At this point it may be well to refer to the pertinent statutory provisions of this State in reference to the practice of law. Section 312, Code of 1932, prohibits the practice of law in any Court of this State by any person unless admitted and sworn in as an attorney. Under subsequent sections of this chapter, no license to practice as an attorney can be granted except by this Court. A Board of Law Examiners is created to pass upon the qualifications of applicants, other than graduates of the University of South Carolina. Section 326 permits any person to represent himself, and with leave of the Court another, provided he receives no compensation.

There is no statutory provision in South Carolina defining what constitutes the practice of law. This term has been defined, however, by this Court in the case of *In re Duncan,* 83 S. C., 186, 65 S. E., 210, 211, 24 L. R. A. (N. S.), 750, 18 Ann. Cas., 657, as follows: "According to the generally understood definition of the practice of law in this country, it embraces the preparation of pleadings, and other papers incident to actions and special proceedings, and the management of such actions and proceed-

ings on behalf of clients before judges and courts, and, in addition, conveyancing, the preparation of legal instruments of all kinds, and, in general, all advice to clients, and all action taken for them in matters connected with the law. An attorney at law is one who engages in any of these branches of the practice of law. The following is the concise definition given by the Supreme Court of the United States: 'Persons acting professionally in legal formalities, negotiations, or proceedings by the warrant or authority of their clients may be regarded as attorneys at law within the meaning of that designation as employed in this country.' "

The question now presented has never been passed upon by this Court. The Industrial Commission has made a rule which permits only licensed attorneys to appear before the full commission, but allows lay representation in hearings before the single commissioners. The question has been passed upon in a few other jurisdictions and these authorities are now briefly reviewed.

The facts in the case of *Shortz v. Farrell*, 327 Pa., 81, 193 A., 20, 21, are almost, if not entirely, similar to those in the case now before us. In that case Farrell was employed as a claim adjuster for the Globe Indemnity Company. He prepared and filed "pleadings" in Workmen's Compensation cases in which that company was a party defendant, and in behalf of the company, appeared at hearings before the referees, examined and cross-examined witnesses. The function of the referee under the Pennsylvania Act and that of the single commissioner under our Act is substantially the same. The Court held that such hearings were essentially of a judicial character and that the appearance at such hearings in behalf of the company constituted the practice of law. The Court further held that the preparation and filing of "pleadings" did not constitute the practice of law for the reason that such "pleadings" were so simple that legal skill was not required in the preparation of same, that they were executed on forms prepared by the board, were elementary in charac-

ter, and did not rise to the dignity of "pleadings" as that term is usually understood.

In disposing of the question, the Court said: "In considering the scope of the practice of law mere nomenclature is unimportant, as, for example, whether or not the tribunal is called a 'court,' or the controversy 'litigation.' Where the application of legal knowledge and technique is required, the activity constitutes such practice even if conducted before a so-called administrative board or commission. It is the character of the Act, and not the place where it is performed, which is the decisive factor."

In the case of *People ex rel. Chicago Bar Association, v. Goodman,* 366 Ill., 346, 8 N. E. (2d), 941, 947, 111 A. L. R., 1, the Court held that one who is engaged in the business of handling, adjusting, and prosecution of workmen's compensation claims before the State Industrial Commission was engaged in the practice of law. Business was obtained by a widespread plan of solicitation and claims of injured employees were handled on a contingent basis. When difficult legal questions arose or appeals were taken to the Circuit Court, a member of the bar was employed. In discussing what acts constituted the practice of law, the Court said: "It is immaterial whether the acts which constitute the practice of law are done in an office, before a court, or before an administrative body. The character of the act done, and not the place where it is committed, is the factor which is decisive of whether it constitutes the practice of law." Petition for writ of *certiorari* in the above case was denied by the United States Supreme Court. 302 U. S., 728, 58 S. Ct., 49, 82 L. Ed., 562.

It was held in the case of *Goodman v. Beall,* 130 Ohio St., 427, 200 N. E., 470, that appearances and practice before the Industrial Commission of that state did not ordinarily or properly constitute the practice of law up to the time when a claimant first received notice of the disallowance of his claim. But appearances at the rehearing proceed-

ings did constitute the practice of law. As ably pointed out by the Court in the *Goodman case, supra* (8 N. E. (2d), 941, 111 A. L. R., 1), the initial procedure under the Ohio Act is quite different from that of most states, including the State of South Carolina, and the proceedings in Ohio cannot be considered as adversary ones until they reach the stage of a rehearing.

In the case of *Eagle Indemnity Company v. Industrial Accident Commission of California,* 217, Cal., 244, 18 P. (2d), 341, the Court recognized the right of a layman for compensation to appear and prosecute claims before the individual commissioners. The Court assumed that such constituted the practice of law, but held that the California Act permitted lay representation.

It will be observed that none of the foregoing cases sustain the contention of respondent.

Applying the foregoing principles of the work of respondent in appearing at hearings before the individual commissioners, we think such services constitute the practice of law. While there are no formal pleadings, the issues as to both facts and law are made before such commissioners. At this hearing the record is made and it is upon this record that the proceedings may be reviewed by the full commission, from whose award an appeal may be taken to the Circuit Court. The ultimate rights of the parties depend upon the record made before the hearing commissioner. It is true that the full commission is empowered to reconsider the evidence and take additional evidence, but such power is exercised only on rare occasions. In the number of appeals to this Court, the record in most, if not all, of the cases was made before the hearing commissioner. Examination and cross-examination of witnesses require a knowledge of relevancy and materiality. Such examination is conducted in much the same manner as that of the Circuit Court. Improper or irrelevant testimony must be objected to, or otherwise it may be considered. *Rice v. Brandon Corporation,*

190 S. C., 229, 2 S. E. (2d), 740. While findings of fact will be upheld by the Court if there is any evidence on which it can rest, it must be founded on evidence and cannot rest on surmise, conjecture or speculation. *Rudd v. Fairforest Finishing Company,* 189 S. C., 188, 200 S. E., 727. Depositions are taking under the procedure of the Circuit Court. The various decisions of this Court since this legislation was enacted illustrate the difficult and complicated questions which arise in the construction of the Act and its application. Facts must be weighed by the commissioner in the light of legal principles. The hearing commissioner makes not only findings of fact, but states his conclusions of law.

Respondent apparently approves the rule of the commission that only licensed attorneys should appear before the full commission. If appearing before the full commission requires legal skill, such requirement would apply with equal force to a hearing before the individual commissioner. Knowledge of legal principles is just as essential in the one as the other.

We are not unmindful that the commission is frequently denominated an administrative tribunal. But it is the character of the services rendered, and not the denomination of the tribunal before whom such services are rendered, which controls in determining whether such services constitute the practice of law. It is also true that it was the intention of the Legislature to provide an inexpensive, simple, summary and expeditious method for the adjustment of the claims of injured employees. We may add that such purpose is largely accomplished by the provisions of the Act in reference to amicable agreements of the parties which render expert legal assistance unnecessary in the overwhelming number of industrial accidents.

Our attention is called to the fact that there has been an enormous development in recent years of administrative boards and commissions of various kinds among the states as well as the Federal Government, and that persons not

licensed to practice law are permitted to practice before a great number of these boards or commissions. Many of these boards and commissions are legislative or executive in character, rather than judicial. To what extent lay representation should be permitted before such tribunals in not relevant to the present inquiry.

It is contended by respondent that the Legislature has delegated to the Industrial Commission authority to prescribe the qualifications of these who appear before them with the definite implication that parties might be represented by laymen. In support of this contention, respondent relies on certain sections of the Act which we will now refer to.

The relevant portion of Section 54 of the Act is as follows: "The Commission may make rules, not inconsistent with this Act, for carrying out the provisions of this Act. Processes and procedure under this Act shall be as summary and simple as reasonably may be."

Section 58 reads, in part: "The Commission or any of its members shall hear the parties at issue and their representatives and witnesses, and shall determine the dispute in a summary manner."

Section 64 reads, in part:

"Fees for attorneys and physicians and charges of hospitals for services under this Act shall be subject to the approval of the Commission.* * *

"Any person (1) who receives any fee, other consideration, or any gratuity on account of services so rendered, unless such consideration or gratuity is approved by the Commission or such court, or (2) who makes it a business to solicit employment for a lawyer or for himself in respect of any claim or award for compensation, shall be guilty of a misdemeanor."

Pursuant to the power contained in Section 54, the commission has adopted various rules, among them Rule 20: "On

appeal cases, to the full Commission, only licensed attorneys in South Carolina shall be allowed to practice before the South Carolina Industrial Commission."

If the foregoing sections of the Act authorize lay representation in contested matters, such authorization would extend to practice before the full commission. No distinction is made. If that be true, the commission could not have lawfully enacted Rule 20.

However, upon careful consideration of the entire Act, we do not think that the Legislature has authorized lay representation. If such had been intended, certainly upon such an important matter the General Assembly would have clearly so stated and not left it to implication; nor would the first quoted portion of Section 64 have been restricted to attorneys, physicians and hospital services.

We are further of opinion that the power to make rules under Section 54 does not contemplate the power to permit laymen to perform functions in connection with the administration of the Act which constitute the practice of law.

Petitioners contend that the determination of what does and does not constitute the practice of law lies solely within the power of the judicial and not of the legislative branch of the government, and cites various authorities which appear to sustain this contention. Respondent cites other authorities which appear to hold to the contrary. We find it unnecessary in this case to determine whether the Legislature has the power to permit laymen to practice law, or whether the grant of that right is exclusively a judicial function.

Respondent further contends that there is no prohibition under our law against an individual representing himself, and, in the case of a corporation, it is necessary that its appearance be made through employees or representatives; it is urged that respondent did not act for clients, but acted for his own employer. A similar contention was made in the case of *Clark v. Austin,* 340 Mo.,

467, 101 S. W. (2d) 977, 982. In that case respondent was a regular employee of a railroad in the capacity of an assistant general freight agent and in the hearing before the Public Service Commission he represented said railroad in the capacity of employee and freight agent. In disposing of this contention, the Court said: "The law recognizes the right of natural persons to act for themselves in their own affairs, although the acts performed by them, if performed for others, would constitute the practice of law. A natural person may present his own case in court or elsewhere, although he is not a licensed lawyer. A corporation is not a natural person. It is an artificial entity created by law. Being an artificial entity it cannot appear or act in person. It must act in all its affairs through agents or representatives. In legal matters, it must act, if at all, through licensed attorneys."

In support of the quoted statement the Court cites authorities from various jurisdictions, among them the Court quotes from the case of *Mullin-Johnson Company v. Penn Mutual Life Insurance Company*, D. C., 9 F. Supp., 175, the following: "Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear in *propria persona.*"

If a corporation could appear in court through a layman upon the theory that it was appearing for itself, it could employ any person, not learned in the law, to represent it in any or all judicial proceedings.

Finally, respondent contends that he is a regular salaried employee of the insurance company and that his work in appearing before the single commissioners constitutes only a minor portion of his duties. He further

says that he receives no special or specific remuneration for these services. If respondent is practicing law, the extent of his practice is not material in the inquiry now before us, nor is the amount of compensation received material. Clearly the salary which he receives includes compensation for the work which is complained of.

In conclusion, it is not amiss to observe that the policy of prohibiting laymen from practicing law is not for the purpose of creating a monopoly in the legal profession, nor for its protection, but to assure the public adequate protection in the pursuit of justice, by preventing the intrusion of incompetent and unlearned persons in the practice of law. We may add that a dual trust is imposed on attorneys at law, they must act with all good fidelity to the Courts and to their clients. They are bound by canons of ethics which have been the growth of long experience and which are enforced by the Courts.

The only work of respondent complained of in the petition is his appearance at hearings before the individual commissioners and practicing before them in contested hearings. Respondent states in his argument that in addition to this work he "investigates the circumstances surrounding the injury, which gives rise to the claim, makes a report to the home office, fills out forms as required and prepared by the commission, files them with the commission, notifies the commission if the company has decided that the claim is not compensable and is to be denied." We do not think that the quoted Act would constitute the practice of law.

The return of respondent is adjudged to be insufficient. It is further adjudged that he is in contempt of this Court. It is conceded that respondent acted in good faith, believing that he had a right to practice before the individual commissioners wthout being a licensed attorney. For this reason, we do not impose a fine upon respondent. He is required to cease and desist from the practice complained of.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne and Mr. Acting Associate Justice G. Dewey Oxner concur.

Mr. Justice Carter did not participate on account of illness.