297 S.C. 400 (1989)
377 S.E.2d 306
The SOUTH CAROLINA MEDICAL MALPRACTICE JOINT UNDERWRITING ASSOCIATION, Petitioner
v.
Richard W. FROELICH, Respondent.
22968
Supreme Court of South Carolina.
Heard January 23, 1989.
Decided February 21, 1989.
William L. Pope, of Robinson, McFadden & Moore, Columbia, for petitioner.
John P. Freeman, Columbia, for respondent.
Heard Jan. 23, 1989.
Decided Feb. 21, 1989.
Per Curiam:
This case invokes the original jurisdiction of this Court. Petitioner seeks to enjoin Respondent from engaging in the unauthorized practice of law. We grant the injunction.

FACTS
The facts of this case are undisputed. Respondent Richard W. Froelich is a member of the Illinois Bar, having been admitted there in 1981. In March of 1987, Respondent moved to Myrtle Beach, South Carolina, where he joined the firm of *401 O. Fayrell Furr, Jr., P.A. Respondent is not a member of the South Carolina Bar.
Upon joining the Furr firm, Respondent began actively participating in the preparation of medical malpractice litigation in South Carolina and the federal courts. Respondent attended roster meetings and pretrial conferences. He scheduled and participated in numerous depositions. On several occasions, he engaged in settlement negotiations. Several of the attorneys who dealt with Respondent have submitted affidavits to the effect that his unlicensed status was unknown to them until late 1988.
Respondent was admitted pro hac vice on only one occasion, at which time he presented the plaintiff's case in a jury trial. Prior to the hearing on this matter, Respondent had also filed additional motions for pro hac vice admission.
The letterheads for Mr. Furr's two offices fail to indicate the Respondent is unlicensed in South Carolina. The Myrtle Beach office letterhead indicates only that Respondent is "licensed to practice in Illinois." The Columbia office letterhead does not carry any notation regarding Respondent's status. In his brief, Respondent informed the Court that the letterheads have since been corrected to clearly denote that Respondent is licensed only in Illinois.
The 1988 West's South Carolina Legal Directory listed Respondent as a member of the Horry County and South Carolina Bar Associations; however, in fairness, we note that a letter from the Vice-President of the South Carolina Legal Directory indicates that this was an error on their part and not a result of any misrepresentation by Respondent. Martindale-Hubbell Law Directory clearly reflects that Respondent is licensed only in Illinois.
The petitioner, South Carolina Medical Malpractice Joint Underwriting Association (JUA), which underwrites many of the insureds against whom Mr. Furr's clients have brought suit, alleges that Respondent has engaged in the unauthorized practice of law and seeks a declaration to this effect. JUA also seeks an order enjoining Respondent from engaging in any further conduct constituting the unauthorized practice of law. At oral argument, Petitioner readily conceded that Respondent's activities were conducted in good faith.

*402 DISCUSSION
Conduct constituting the practice of law includes a wide range of activities.
It is too obvious for discussion that the practice of law is not limited to the conduct of cases in courts. According to the generally understood definition of the practice of law in this country, it embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law. An attorney at law is one who engages in any of these branches of the practice of law. The following is the concise definition given by the Supreme Court of the United States: `Persons acting professionally in legal formalities, negotiations or proceedings by the warrant or authority of their clients may be regarded as attorneys at law within the meaning of that designation as employed in this country.'
In re Duncan, 83 S.C. 186, 189, 65 S.E. 210, 211 (1909); State Ex. Rel. Daniel, Attorney General, et al. v. Wells, 191 S.C. 468, 473-74, 5 S.E. (2d) 181, 183 (1939). See also State of South Carolina v. Buyers Service Company, Inc., 292 S.C. 426, 357 S.E. (2d) 15 (1987).
Respondent's conduct clearly falls within this description. He has acted "professionally in legal formalities, negotiations or proceedings." He has taken action on behalf of his clients which was connected with the practice of law. He participated extensively in numerous depositions, appeared at roster meetings, acted as sole representative of his clients at conferences and wrote letters in which he negotiated settlements for his clients.
Further, the letterhead of Respondent's law firm had the potential to cause the public to believe he was a licensed practitioner in this State. The letterhead of the Myrtle Beach office merely read "licensed to practice in Illinois." This statement was misleading because it did not sufficiently *403 indicate that Respondent is licensed only in Illinois, not South Carolina.
It is undisputed that Respondent is not a member of the South Carolina Bar. The activities in which he engaged constituted the practice of law. We therefore hold that Respondent's conduct constituted the unauthorized practice of law.
Finally, it has come to this Court's attention that Respondent had filed motions in several cases for permission to appear pro hac vice.[1] The legal definition of pro hac vice is "for this one particular occasion." Blacks Law Dictionary, Fifth Edition, at 1091 (1979). Pro hac vice admission contemplates a situation where attorneys who live in other states find it necessary to participate in the trial or argument of a particular cause in South Carolina. See Rule 13 of the Rules for Examination and Admission of Persons to Practice Law in South Carolina. It is not a vehicle by which a South Carolina resident, who is a member of an out-of-state bar, may circumvent the rules for admission to practice in this State. Respondent's motions constituted an abuse of the privilege of pro hac vice admission.[2]
We hold that Respondent's past activities constituted the unauthorized practice of law and enjoin Respondent from engaging in any further such conduct.
Petition granted.
NOTES
[1] Respondent withdrew these motions after this action was commenced.
[2] "Pro hac vice admission of an ... attorney is an accommodation to be made on an infrequent basis rather than a means by which the out-of-state attorney may conduct a practice in the forum state, and courts may bar an attorney's pro hac vice admission on grounds that the courtesy of the court has been abused by too frequent applications...." Annot., 20 A.L.R. 4th 855, 861 (1983).