IN RE UNAUTHORIZED PRACTICE OF LAW RULES
PROPOSED BY the SOUTH CAROLINA BAR.
(422 S.E. (2d) 123)

Supreme Court

Sept. 21, 1992.

## ORDER

In June 1991 the South Carolina Bar through a special subcommittee of the Unauthorized Practice of Law Committee (Committee) submitted to the Supreme Court a set of proposed rules governing the unauthorized practice of law (Proposed Rules). This comprehensive set of Proposed Rules represents the Committee's collective wisdom accumulated during its thirteen years of existence, as well as the efforts of the special subcommittee which spent over a year drafting these rules. The Proposed Rules attempt to define and delineate the practice of law, and to establish clear guidelines so that professionals other than attorneys can ensure they do not inadvertently engage in the practice of law.

It is impossible for anyone not familiar with the scope of the issues embraced by the Proposed Rules to truly appreciate the enormity of the task undertaken by the special subcommittee. After careful review of the Proposed Rules, the documentation in support of these rules, and the tremendous amount of memoranda in opposition to their adoption, we conclude that the Proposed Rules should not be adopted. We commend the subcommittee for its Herculean efforts to define the practice of law. We are convinced, however, that it is neither practicable nor wise to attempt a comprehensive definition by way of a set of rules. Instead, we are convinced that the better course is to decide what is and what is not the unauthorized practice of law in the context of an actual case or controversy.

The Constitution commits to this Court the duty to regulate the practice of law in South Carolina. S.C. Const. art. V, § 4; *see also* S.C. Code Ann. § 40-5-10- (1986). We take this opportunity to clarify certain practices which we hold do not constitute the unauthorized practice of law.

First, we recognize the validity of the principle found in S.C.Code Ann. § 40-5-8 (1986): any individual may represent another individual before any tribunal, if (1) the tribunal approves of the representation and (2) the representative is not compensated for his services. We have refused, however, to allow an individual to represent a business entity under the statute. *See State ex rel. Daniel v. Wells* 191

S.C. 468, 5 S.E. (2d) 181 (1939). We modify Wells today to allow a business to be represented by a nonlawyer officer, agent or employee, including attorneys licensed in other jurisdictions and those possessing Limited Certificates of Admission pursuant to Rule 405, SCACR, in civil magistrate's court proceedings. Such representation may be compensated and shall be undertaken at the business's option, and with the understanding that the business assumes the risk of any problems incurred as the result of such representation. The magistrate shall require a written authorization from the entity's president, chairperson, general partner, owner or chief executive officer, or in the case of a person possessing a Limited Certificate, a copy of that Certificate, before permitting such representation.

Second, we hold that State agencies may, by regulation,[1] authorize persons not licensed to practice law in South Carolina, including laypersons, Certified Public Accountants (CPAs), attorneys licensed in other jurisdictions and persons possessing Limited Certificates of Admission, to appear and represent clients before the agency. These regulations are presumptively valid and acts done in compliance with the regulations are presumptively not the unauthorized practice of law. We recognize, however, that such an agency practice could be abused, and reserve the authority to declare unenforceable any regulation which results in injury to the public.

Third, our respect for the rigorous professional training, certification and licensing procedures, continuing education requirements, and ethical code required of Certified Public Accountants (CPAs) convinces us that they are entitled to recognition of their unique status. We hold that CPAs do not engage in the unauthorized practice of law when they render professional assistance, including compensated representation before agencies and the Probate Court, that is within their professional expertise and qualifications. We are confident that allowing CPAs to practice in their areas of expertise, subject to their own professional regulation, will best serve to both protect and promote the public interest.

---

[1] A copy of the proposed regulation shall be filed with the Supreme Court Clerk at the same time it is filed with Legislative Council.

We also take this opportunity to reaffirm the rule that police officers may prosecute traffic offenses in magistrate's court and in municipal court. Only the arresting officer may prosecute the case, although if the officer is new or inexperienced, he may be assisted at trial by one of his supervisors. *State v. Sossamon*, 298 S.C. 72, 378 S.E. (2d) 259 (1989); *see also State ex rel. McLeod v. Seaborn*, 270 S.C. 696, 244 S.E. (2d) 317 (1978).

Finally, we recognize that other situations will arise which will require this Court to determine whether the conduct at issue involves the unauthorized practice of law. We urge any interested individual who becomes aware of such conduct to bring a declaratory judgment action in this Court's original jurisdiction to determine the validity of the conduct. We hope by this provision to strike a proper balance between the legal profession and other professionals which will ensure the public's protection from the harms caused by the unauthorized practice of law.

Let this order be published with the Administrative Orders of this Court.

It is so ordered.