743 S.E.2d 830

**Dana Allison MEDLOCK as Personal Representative of the Estate of Heather C. Medlock, Petitioner,**

v.

**UNIVERSITY HEALTH SERVICES, INC. d/b/a University Hospital, Respondent.**

Appellate Case No. 2012–213462.

Nos. 27265.

Supreme Court of South Carolina.

Submitted June 4, 2013.
Decided June 12, 2013.

Michael Strom Medlock of Columbia, South Carolina, and Christopher Lance Sheek of Greenwood, South Carolina, for Petitioner.

Robin A. Braithwaite, of Aiken, for Respondent.

PER CURIAM.

This Court granted the petition of Dana Allison Medlock (Petitioner) in its Original Jurisdiction to determine whether a non-attorney who files a claim and petition for allowance of a claim in probate court on behalf of a business entity is engaging in the unauthorized practice of law. We dispense with further briefing and hold that a non-attorney may present claims against an estate and petition for allowance of

claims in the probate court on behalf of a business entity without engaging in the unauthorized practice of law.

Petitioner is the personal representative of the Medlock Estate. On August 9, 2012, Respondent filed and served a Statement of Creditor's Claim (the claim) against the Medlock Estate in probate court. Albert J. Sullivan signed the claim as Respondent's "Director of Collections." The claim did not indicate Sullivan was an attorney or that Respondent was represented by an attorney.

Petitioner filed and served a disallowance of the claim. Respondent then petitioned for allowance of the claim. Sullivan signed the petition for allowance of the claim, which was captioned, "Albert J. Sullivan, Petitioner v. [Petitioner]." The petition further indicated that Edward Burr was Respondent's attorney. Burr is not licensed to practice law in South Carolina.

At the hearing on Respondent's petition for allowance of the claim, Petitioner argued Sullivan could not appear on Respondent's behalf because he was not a licensed attorney. The probate judge continued the hearing without ruling on whether Sullivan could properly appear.

Petitioner then filed a petition for original jurisdiction with this Court, requesting the Court declare Sullivan engaged in the unauthorized practice of law by filing the claim and subsequently petitioning for allowance of the claim without the assistance of an attorney licensed in South Carolina. On January 25, 2013, this Court granted the petition and referred the case to the Honorable James O. Spence as special referee to make findings of fact and recommendations to this Court. Judge Spence has since provided the Court with a stipulation of facts from the parties and notice that Respondent permanently withdrew its claim against the Medlock Estate on April 1, 2013.

 South Carolina limits the practice of law to licensed attorneys. *Brown v. Coe*, 365 S.C. 137, 139, 616 S.E.2d 705, 706 (2005). The generally understood definition of the practice of law embraces the preparation of pleadings and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts. *Id.* at 139, 616 S.E.2d at

706–07. However, this Court has consistently refrained from adopting a definition of "the practice of law." *Doe v. McMaster*, 355 S.C. 306, 312, 585 S.E.2d 773, 776 (2002). It is the character of the services rendered, and not the denomination of the tribunal where the services are rendered, that determines whether such services constitute the practice of law. *State ex rel. Daniel v. Wells*, 191 S.C. 468, 477, 5 S.E.2d 181, 185 (1939). A business entity may be represented by a non-attorney in civil magistrate court proceedings, but it must be represented by an attorney in the circuit and appellate courts. Rule 21, SCMCR; *Renaissance Enters., Inc. v. Summit Teleservices., Inc.*, 334 S.C. 649, 651–53, 515 S.E.2d 257, 258–59 (1999); *In re Unauthorized Practice of Law Rules Proposed by the S.C. Bar*, 309 S.C. 304, 305–06, 422 S.E.2d 123, 124 (1992).

■■ We have encouraged any interested individual to bring a declaratory judgment action in this Court's original jurisdiction to determine the validity of any questionable conduct. *See In re Unauthorized Practice of Law Rules*, 309 S.C. at 307, 422 S.E.2d at 125. Pursuant to that invitation, we now hold a non-attorney may represent a business entity in the probate court to make an estate claim and subsequently petition for allowance of the claim without engaging in the unauthorized practice of law. To file a claim in the probate court, a claimant must merely deliver to the personal representative and the probate court a written statement of the claim indicating its basis, the claimant's name and address, the amount claimed, and the date upon which the claim is due. S.C.Code Ann. § 62–3–804(1) (2009). Similarly, a petition for allowance of a claim in the probate court merely requires a creditor to complete a one-page standard form, located on the South Carolina Judicial Department website, requesting the probate court allow the claim and attesting that such claim is valid, timely presented, and has not been paid. None of these activities require the professional judgment of an attorney or entail specialized legal knowledge and ability.

Accordingly, we hold a non-attorney may present claims against an estate and petition for allowance of claims in the

probate court on behalf of a business entity without engaging in the unauthorized practice of law.

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.