**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Student #1 John Doe, Redacted Name of Student, Redacted Name of Mother of Student #1 John Doe, Appellants,

v.

Board of Trustees, Richland School District Two, Richland School District Two Superintendent, Dr. Katie Brochu, in her official capacity as School Superintendent, Respondents.

Appellate Case No. 2013-002436

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2015-UP-314
Submitted February 1, 2015 – Filed June 24, 2015

**AFFIRMED**

Rhonda Meisner, of Blythewood, pro se.

John Marshall Reagle, Kathryn Long Mahoney, and Tyler Ryan Turner, all of Childs & Halligan, P.A., of Columbia, for Respondents.

**PER CURIAM:** Pro se appellants Student #1 John Doe (Student) and Mother of Student (Mother; collectively, Appellants) appeal the circuit court's order granting a motion to dismiss in favor of Respondents, the Richland School District Two Board of Trustees and the former superintendent, Dr. Katie Brochu (collectively, the District). Appellants argue the circuit court erred in (1) finding no private cause of action in the statute providing for gifted and talented programs in South Carolina schools; (2) dismissing the complaint when it adequately alleged violations of equal protection and due process; and (3) finding Mother could not litigate the case on behalf of her and Student's interests. We affirm.

1. We find there is no expressly created private right of action for Student or Mother under the gifted and talented statute. *See* S.C. Code Ann. § 59-29-170 (2004) (directing "gifted and talented students at the elementary and secondary levels must be provided programs during the regular school year or during summer school to develop their unique talents in the manner the State Board of Education must specify and to the extent state funds are provided"). Additionally, we find the gifted and talented statute does not imply a private right of action because the statute was neither enacted for the special benefit of a private party nor written to protect against a particular kind of harm. *See Abbeville Cnty. Sch. Dist. v. State*, 335 S.C. 58, 65, 515 S.E.2d 535, 539 (1999) (stating that where a statute "does not specifically create a private cause of action, one can be implied only if the legislation was enacted for the special benefit of a private party"); *id.* at 65-66, 515 S.E.2d at 539 (providing a six part test to determine "whether a statute creates a special duty owed to individuals rather th[a]n to the public at large and is therefore enforceable by a private cause of action"); *id.* at 65, 515 S.E.2d at 539 (requiring courts to first consider whether "an essential purpose of the statute is to protect against a particular kind of harm"). Similarly, no right of action exists for Mother under the Parental Involvement in Their Children's Education Act, S.C. Code Ann. §§ 59-28-100 to -220 (2004 & Supp. 2014). *See* S.C. Code Ann. § 59-28-110 (2004) (stating the purpose of the act is to "(1) heighten awareness of the importance of parents' involvement in the education of their children throughout their schooling; (2) encourage the establishment and maintenance of parent-friendly school settings; and (3) emphasize that when parents and schools work as partners, a child's academic success can best be assured").

2. We find the circuit court did not err in dismissing this case pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. *See* Rule 12(b)(6), SCRCP (stating a circuit court may dismiss a complaint when it fails to state "facts sufficient to constitute a cause of action"); *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule

12(b)(6), an appellate court applies the same standard of review as the [circuit] court."); *id*. ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." (internal quotation marks omitted)).[1]

We find the circuit court properly dismissed Student's equal protection claim because he does not allege that he or the other gifted and talented students at Westwood have been treated differently than gifted and talented students at other schools. *See Moss v. Spartanburg Cnty. Sch. Dist. No. 7*, 676 F. Supp. 2d 452, 459 (D.S.C. 2009) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." (quoting *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001))). Moreover, the relief sought—Student's transfer—would exacerbate the alleged racial imbalance of the schools. *See Freeman v. Pitts*, 503 U.S. 467, 489 (1992) ("A remedy is justifiable only insofar as it advances the ultimate objective of alleviating the initial constitutional violation."); *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 16 (1971) ( stating "the nature of the violation determines the scope of the remedy"); *id*. ("The task is to correct, by a balancing of the individual and collective interests, the condition that offends the Constitution."). We find Student's remaining equal protection claims are not preserved for review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (stating that where a party raises the issue to the circuit court but the circuit court does not rule on the argument, the party must raise the issue in a Rule 59(e), SCRCP, motion in order for the issue to be preserve on appeal).

We also find the circuit court properly dismissed Student's due process claim because he had no right to attend a specific school. *See Wharton v. Abbeville Sch.*

---

[1] Initially, we find there is no controversy regarding the jurisdiction of the circuit court to hear appeals from an order of the county board of education. *See* S.C. Code Ann. § 59-19-560 (2004) ("Any party aggrieved by the order of the county board of education shall have the right to appeal to the court of common pleas of the county . . . .").

*Dist. No. 60*, 608 F. Supp. 70, 75 (D.S.C. 1984) (stating "South Carolina law grants a child of school age the right to a free education but does not confer a right upon pupils to attend a specific school"). Additionally, we find Student's procedural due process rights were not violated as a result of the District denying his transfer request where Student was eventually given notice of his placement in the school, he had an opportunity to be heard and request a transfer, and he was able to seek judicial review. *See Harbit v. City of Charleston*, 382 S.C. 383, 393, 675 S.E.2d 776, 781 (Ct. App. 2009) ("Procedural due process imposes constraints on governmental decisions that deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment of the United States Constitution."); *id.* ("The fundamental requirements of due process under the United States Constitution and the South Carolina Constitution include notice, an opportunity to be heard in a meaningful way, and judicial review.").

Furthermore, we find Student's argument that the circuit court changed the motion to dismiss to a motion for summary judgment without the opportunity for Student to submit the necessary evidence is not preserved because it was not raised to and ruled upon by the circuit court. *See Wilke*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

3. We find Mother cannot litigate Student's claim. *See* S.C. Code Ann. § 40-5-80 (2011) (stating a person may prosecute or defend his own cause); S.C. Code Ann. § 40-5-310 (2011) ("No person may either practice law or solicit the legal cause of another person or entity in this State unless he is enrolled as a member of the South Carolina Bar pursuant to applicable court rules, or otherwise authorized to perform prescribed legal activities by action of the Supreme Court of South Carolina."); *Medlock v. Univ. Health Servs., Inc.*, 404 S.C. 25, 27, 743 S.E.2d 830, 831 (2013) (stating "the generally understood definition of the practice of law embraces the preparation of pleadings and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts"); *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (noting the vast majority of federal circuit courts adhere to the rule that "non-attorney parents generally may not litigate the claims of their minor children in federal court"); *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533 (2007) (finding parents could litigate a claim under the federal Individuals with Disabilities Education Act (IDEA) where the Supreme Court found the IDEA gave children and parents "independent, enforceable rights"); *id.*

at 535 (declining to rule on whether the IDEA entitles non-attorney parents to litigate claims on behalf of the child).

**AFFIRMED.**[2]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.