# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Rogers Townsend & Thomas, PC, Petitioner/Respondent,

v.

Stephen H. Peck, Thomas Moore, and Community Management Group, LLC, Respondents/Petitioners.

Appellate Case No. 2011-199626

---

## IN THE ORIGINAL JURISDICTION

---

Opinion No. 27707
Heard November 7, 2016 – Filed February 22, 2017

---

## DECLARATORY JUDGMENT ISSUED

---

Robert P. Wood, of Rogers Townsend & Thomas, PC, of Columbia, for Petitioner/Respondent.

Matthew Evan Pecoy and Peter Gerard McGrath, both of McGrath Law Firm, PA, of Mt. Pleasant, for Respondents/Petitioners.

---

**PER CURIAM:** The Court accepted this declaratory judgment action in our original jurisdiction to determine whether Community Management Group, LLC; its president, Stephen Peck; and its employee, Tom Moore, engaged in the unauthorized practice of law while managing homeowners' associations. We find Community Management Group engaged in the unauthorized practice of law.

## I.    Background

Community Management Group manages homeowners' associations and condominium associations in Charleston, Dorchester, and Berkeley Counties.  The company manages the associations' grounds and common areas, enforces covenants and rules, and takes care of financial matters, including collecting assessments for the associations.  Until we issued a temporary injunction in connection with this case, when a homeowner in an association did not pay an overdue assessment, Community Management Group—without the involvement of an attorney—prepared and recorded a notice of lien and related documents; brought an action in magistrate's court to collect the debt; and after obtaining a judgment in magistrate's court, filed the judgment in circuit court.  Community Management Group also advertised that it could perform these services.

We referred the case to the Honorable Stephanie P. McDonald[1] to act as special referee.  Judge McDonald recommended we find Community Management Group engaged in the unauthorized practice of law.

## II.    Unauthorized Practice of Law

The supreme court has the power to regulate the practice of law.  *See* S.C. CONST. art. V, § 4; S.C. Code Ann. § 40-5-10 (2011) (recognizing "[t]he inherent power of the Supreme Court with respect to regulating the practice of law"); *Linder v. Ins. Claims Consultants, Inc.*, 348 S.C. 477, 486, 560 S.E.2d 612, 617 (2002) ("Under the South Carolina Constitution, this Court has the duty to regulate the practice of law in South Carolina.").  Generally, the practice of law includes "the preparation of pleadings, and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts." *State v. Despain*, 319 S.C. 317, 319, 460 S.E.2d 576, 577 (1995) (quoting *In re Duncan,* 83 S.C. 186, 189, 65 S.E. 210, 211 (1909)).  The practice of law "extends to activities . . . which entail specialized legal knowledge and ability." *Linder*, 348 S.C. at 487, 560 S.E.2d at 617 (quoting *State v. Buyers Serv. Co., Inc.*, 292 S.C. 426, 430, 357 S.E.2d 15, 17 (1987)).  "Other than these general statements, there is no comprehensive definition of the practice of law.  Rather, what constitutes the practice of law must be decided on the facts and in the context of each individual case." *Roberts v. LaConey*, 375 S.C. 97, 103, 650 S.E.2d 474,

---

[1] At the time, Judge McDonald was a circuit court judge.

477 (2007) (citing *Linder*, 348 S.C. at 487, 560 S.E.2d at 617-18); *see also Medlock v. Univ. Health Serv., Inc.*, 404 S.C. 25, 28, 743 S.E.2d 830, 831 (2013) ("We have encouraged any interested individual to bring a declaratory judgment action in this Court's original jurisdiction to determine the validity of any questionable conduct.").

### III.    Agent

In an administrative order titled *In re Unauthorized Practice of Law Rules Proposed by South Carolina Bar*, 309 S.C. 304, 422 S.E.2d 123 (1992), we modified prior case law to "allow a business to be represented by a non-lawyer officer, agent or employee."  309 S.C. at 306, 422 S.E.2d at 124 (modifying *State ex rel. Daniel v. Wells*, 191 S.C. 468, 5 S.E.2d 181 (1939)).  We also promulgated South Carolina Magistrate Court Rule 21, which provides, "A business . . . may be represented in a civil magistrates court proceeding by a non-lawyer officer, agent, or employee . . . ."

The central question of this action is whether the word "agent" in *Unauthorized Practice of Law* and Rule 21 includes a third party agent like Community Management Group.  We find "agent" does not include non-lawyer third party entities or individuals.  "Agent"—in *Unauthorized Practice of Law* and Rule 21— includes individuals who are not officers or employees of a business, but who have some nexus or connection to the business arising out of its corporate structure.  For example, a member of a corporation's board of directors who is not an officer or employee would qualify as an "agent" under these provisions.  However, we now clarify that we never intended to permit non-lawyer third party entities or individuals to be an agent under *Unauthorized Practice of Law* or Rule 21.

### IV.    Community Management Group's Actions

We find Community Management Group engaged in the unauthorized practice of law when it (A) represented associations in magistrate's court, (B) filed judgments in circuit court, (C) prepared and recorded liens, and (D) advertised that it could perform the services we now clarify constitute the unauthorized practice of law.

### A.    Representing Associations in Magistrate's Court

Community Management Group brought actions in magistrate's court on behalf of associations to collect unpaid assessments owed to the associations.   Community Management Group did not hire a lawyer for these magistrate court proceedings;

instead, it sent Moore to represent the associations. The only way Community Management Group could have performed these services without engaging in the unauthorized practice of law is if it were an "agent" as referenced in *Unauthorized Practice of Law* and Rule 21. *See Wells*, 191 S.C. at 480, 5 S.E.2d at 186 (stating "[i]n legal matters" a corporation "must act, if at all, through licensed attorneys"), *modified by Unauthorized Practice of Law*, 309 S.C. at 305-06, 422 S.E.2d at 124. We acknowledge that prior to our decision today the meaning of "agent" in *Unauthorized Practice of Law* and Rule 21 was not clear. However, we have now clarified "agent" does not include third party entities or individuals.

Community Management Group argues—relying on our recent decision in *Medlock*—it was not the unauthorized practice of law to represent associations in magistrate's court because the representation did not require specialized legal skill or knowledge. In *Medlock*, we held "a non-attorney may present claims against an estate and petition for allowance of claims in the probate court on behalf of a business entity without engaging in the unauthorized practice of law." 404 S.C. at 26–27, 743 S.E.2d at 831. We noted, "It is the character of the services rendered, and not the denomination of the tribunal where the services are rendered, that determines whether such services constitute the practice of law." 404 S.C. at 28, 743 S.E.2d at 831. We then proceeded to examine the "character" of presenting a claim and seeking allowance of the claim in probate court. We stated,

> To file a claim in the probate court, a claimant must merely deliver to the personal representative and the probate court a written statement of the claim indicating its basis, the claimant's name and address, the amount claimed, and the date upon which the claim is due. Similarly, a petition for allowance of a claim in the probate court merely requires a creditor to complete a one-page standard form, located on the South Carolina Judicial Department website, requesting the probate court allow the claim and attesting that such claim is valid, timely presented, and has not been paid. None of these activities require the professional judgment of an attorney or entail specialized legal knowledge and ability.

404 S.C. at 28, 743 S.E.2d at 831–32 (2013) (citation omitted).

We find the services required to represent a business in magistrate's court are not comparable to making a claim against an estate or petitioning for the allowance of the claim in probate court. We therefore decline to extend the reasoning of *Medlock* to Community Management Group and other third-party agents representing businesses in magistrate's court.

### B. Filing Judgments in Circuit Court

After entering judgment, the magistrate's court typically mailed Community Management Group a transcript of the judgment. The transcripts came with instructions on how to file the judgment in circuit court. Without consulting an attorney, Community Management Group filed the judgments in circuit court.

We find Community Management Group engaged in the unauthorized practice of law by filing judgments in circuit court. South Carolina Code section 22-3-300 (2007) provides that at the request of the prevailing party, a magistrate judge will provide a transcript of a judgment, which may be filed in circuit court. Upon filing the magistrate's court judgment in circuit court, the judgment becomes a circuit court judgment. § 22-3-300. It would be the unauthorized practice of law for Community Management Group to represent an association in circuit court to obtain a judgment against a homeowner. *See Renaissance Enter. Inc. v. Summit Teleservices, Inc.*, 334 S.C. 649, 652-53, 515 S.E.2d 257, 258-59 (1999) (finding it was the unauthorized practice of law for non-lawyers to represent a corporation in circuit court). Thus, it is the unauthorized practice of law for Community Management Group to obtain a circuit court judgment for the associations by filing the magistrate's court judgment in circuit court.

### C. Preparing and Recording Liens

When homeowners did not pay overdue assessments, Community Management Group prepared lien documents and recorded them in the county where the property was located. A legal description of the homeowners' property was attached to the documents. We find it was the unauthorized practice of law for Community Management Group to prepare and record the lien documents.

As Community Management Group conceded, it prepared the lien documents for the purpose of "put[ting] a cloud on the title," so a property could not be sold without the homeowner paying the overdue assessments. In preparing the documents, Community Management Group sought to define an association's

rights with regard to the homeowner's property and the association's entitlement to be repaid a debt. Community Management Group's purpose for filing the lien documents demonstrates the lien documents were "instruments," which include "written legal document[s] that define[] rights, duties, entitlements, or liabilities . . . ." *Instrument*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("Also termed *legal instrument*."). Preparing and recording legal instruments constitutes the unauthorized practice of law. *See Wells*, 191 S.C. at 473-74, 5 S.E.2d at 183 ("According to the generally understood definition of the practice of law . . . it embraces . . . the preparation of legal instruments of all kinds . . . ."); *see also State v. Robinson*, 321 S.C. 286, 290, 468 S.E.2d 290, 292 (1996) ("This Court has defined the practice of law to include the preparation and filing of legal documents . . . ."); *Buyers Serv.*, 292 S.C. at 434, 357 S.E.2d at 19 (holding recording instruments after a real estate transfer is the practice of law because "it is an aspect of conveyancing and affects legal rights"). Thus, we find Community Management Group engaged in the unauthorized practice of law by preparing and recording lien documents.

### D.    Advertising

Community Management Group advertised for many of the services we have found constitute unauthorized practice of law, including that it could "handle collections, lien filing and Small Claims Court actions in house." Community Management Group also advertised it could file judgments without the use of an attorney. It is the unauthorized practice of law for a non-lawyer to advertise he can provide legal services. Thus, Community Management Group advertising it could file liens, represent associations in magistrate's court, and file judgments without the use of an attorney was the unauthorized practice of law.

### E.    Other Actions

Rogers Townsend also asks that we find Community Management Group engaged in the unauthorized practice of law by (1) interpreting covenants for homeowners, (2) addressing disputes between homeowners and associations, and (3) advising associations on remedies to collect unpaid assessments. However, Rogers Townsend did not include specific facts or details about Community Management Group performing these services. We have stated it is best to decide "what is and what is not the unauthorized practice of law in the context of an actual case or controversy." *Unauthorized Practice of Law*, 309 S.C. at 305, 422 S.E.2d at 124. Without specific facts, we cannot determine that Community Management Group

was practicing law by interpreting covenants for homeowners, addressing disputes between homeowners and associations, or advising associations on remedies to collect unpaid assessments.

## V.     Injunction

Rogers Townsend asks that we permanently enjoin Community Management Group from any actions we find were the unauthorized practice of law.  An injunction is a drastic remedy, which courts should apply with caution.  *Hampton v. Haley*, 403 S.C. 395, 409, 743 S.E.2d 258, 265 (2013).  An injunction should be issued only "where no adequate remedy exists at law."  *Id.*  After we issued the temporary injunction, Community Management Group stopped representing associations in magistrate's court, filing judgments in circuit court, and preparing and recording liens without an attorney.  Additionally, Peck testified Community Management Group has no interest in resuming these activities.  We decline to issue a permanent injunction in this situation.

## VI.     Conclusion

We find Community Management Group engaged in the unauthorized practice of law by (1) representing associations in magistrate's court, (2) filing judgments in circuit court, (3) preparing and recording lien documents, and (4) advertising it could provide legal services.

**BEATTY, C.J., KITTREDGE, FEW, JJ., and Acting Justice James E. Moore, concur.  Acting Justice Costa M. Pleicones not participating.**