# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, for Conseco Finance Home Equity Loan Trust 2001-C, Respondent,

v.

Frances L. Mack n/k/a Frances L. Mack-Marion, Appellant.

Appellate Case No. 2022-001147

_____

Appeal From Orangeburg County
James B. Jackson, Jr., Master-in-Equity

_____

Opinion No. 28255
Heard May 22, 2024 – Filed January 23, 2025

_____

## AFFIRMED AS MODIFIED

_____

Andrew Sims Radeker, of Radeker Law, P.A., of Columbia, for Appellant.

M. McMullen Taylor and David Shelton Kershaw, both of Riley Pope & Laney, LLC, of Columbia, for Respondent.

Chad Wilson Burgess and Mary Winter Clark Dawson, of Brock & Scott, PLLC; Reginald Patrick Corley and Jordan Daniel Beumer, of Scott & Corley, P.A.; and John Judson Hearn, of Rogers Townsend, LLC, all of

Columbia, as Amicus Curiae for American Legal &
Financial Network.

---

**JUSTICE HILL:** Appellant Frances Mack-Marion refinanced her property in 2001, taking out a new mortgage. In 2020, the successor-in-interest to the mortgage, Respondent U.S. Bank National Association (U.S. Bank), started foreclosure proceedings against Mack-Marion. Mack-Marion asserted several counterclaims in response—one of which sought a declaratory judgment that U.S. Bank was barred from the equitable remedy of foreclosure because the 2001 mortgage loan closed without attorney supervision. *See Matrix Financial Services Corporation v. Frazer*, 394 S.C. 134, 140, 714 S.E.2d 532, 535 (2011) (holding lenders are not entitled to equitable remedies to enforce mortgage loans that close without attorney supervision). The Master granted U.S. Bank's motion to dismiss, relying on two grounds. First the Master ruled it did not have subject matter jurisdiction over Mack-Marion's declaratory judgment claim. The Master interpreted *Hambrick v. GMAC Mortgage Corporation*, 370 S.C. 118, 124–25, 634 S.E.2d 5, 8–9 (Ct. App. 2006) to mean only the South Carolina Supreme Court has subject matter jurisdiction to determine whether a party has engaged in the unauthorized practice of law. Second, the Master ruled that, even if it had jurisdiction, Mack-Marion failed to allege facts sufficient to support a claim because the mortgage was recorded before the effective date of *Matrix*. Mack-Marion appealed, and we granted her motion to certify the appeal to this Court.

Today, we overrule *Hambrick* to the extent it holds South Carolina circuit courts do not have subject matter jurisdiction to hear causes of action involving allegations of the unauthorized practice of law. *See Rish v. Rish*, 443 S.C. 220, 224, 904 S.E.2d 862, 864 (2024) (correcting "our prior cases that imprecisely and inaccurately referred to different procedural and substantive rules as limitations on a court's 'subject matter jurisdiction'"); *State v. Price*, 441 S.C. 423, 434 n. 4, 895 S.E.2d 633, 638 n. 4 (2023) (same). We also clarify the procedure a party should follow when a claim involves the unauthorized practice of law. Finally, we reaffirm that *Matrix* only applies prospectively. Accordingly, we hold the Master had subject matter jurisdiction to hear Mack-Marion's declaratory judgment claim and properly dismissed it under Rule 12(b)(6), SCRCP. We therefore affirm as modified.

## I.

In *Hambrick*, the court of appeals interpreted our decisions in *In re Unauthorized Practice of Law Rules Proposed by South Carolina Bar*, 309 S.C. 304, 305, 422

S.E.2d 123, 124 (1992)—where the Court held the definition of the unauthorized practice of law would be determined on a case by case basis—and *Linder v. Ins. Claims Consultants, Inc.*, 348 S.C. 477, 497, 560 S.E.2d 612, 623 (2002)—where the Court held there is no private right of action for the unauthorized practice of law in South Carolina—as depriving the circuit court of jurisdiction to hear any of the Hambricks' claims. We now clarify *In re Unauthorized Practice of Law* and *Linder* do not alter the subject matter jurisdiction of the circuit courts to determine civil causes of action that may include allegations of conduct involving the unauthorized practice of law.

The question of subject matter jurisdiction is a question of law, which we review de novo. *Seels v. Smalls*, 437 S.C. 167, 172, 877 S.E.2d 351, 353–54 (2022). The South Carolina circuit court is a "general trial court with original jurisdiction in civil and criminal cases[.]" S.C. Const. art. V, § 11. Upon reference, a Master-in-Equity has the same power and authority that a circuit judge sitting without a jury would have in a similar matter. Rule 53(c), SCRCP.

South Carolina constitutional and statutory law grant this Court the duty to regulate the practice of law in this state. S.C. Const. art. V, § 4; S.C. Code Ann. § 40-5-10 (2011). In 1991, the South Carolina Bar submitted a set of proposed rules governing the unauthorized practice of law in South Carolina to the Court. *In re Unauthorized Prac. of L.*, 309 S.C. at 305, 422 S.E.2d at 124. We chose not to adopt the rules, reasoning the better course is to determine "what is and what is not the unauthorized practice of law in the context of an actual case or controversy." *Id*. Recognizing the elusiveness of a comprehensive definition of what amounts to practicing law, we have declined to give one. *In re S.C. NAACP Hous. Advoc. Program*, 442 S.C. 189, 198, 897 S.E.2d 691, 695 (2024); *Boone v. Quicken Loans, Inc.*, 420 S.C. 452, 460–61, 803 S.E.2d 707, 711–12 (2017); *Medlock v. Univ. Health Servs., Inc.*, 404 S.C. 25, 28, 743 S.E.2d 830, 831 (2013). We have directed that, where it is unclear whether a person has engaged in the unauthorized practice of law, "any interested individual who becomes aware of such conduct" should "bring a declaratory judgment action in this Court's original jurisdiction to determine the validity of the conduct." *In re Unauthorized Prac. of L.*, 309 S.C. at 307, 422 S.E.2d at 125. This invitation by the Court was not intended to grant us exclusive subject matter jurisdiction over any cause of action that included allegations of the unauthorized practice of law. Rather, the Court was signaling it would accept a declaratory judgment action in our original jurisdiction when the action involves a novel issue regarding what constitutes the unauthorized practice of law. *See* Rule 245(a), SCACR.

The Court considered such a declaratory judgment action in *Linder*. In *Linder*, the novel question of whether the conduct of a public insurance adjuster constituted the unauthorized practice of law arose in the midst of a contract dispute. 348 S.C. at 481, 560 S.E.2d at 615. Because of the presence of this novel question, the trial court prudently stayed the litigation so the parties could petition this Court to determine whether the adjuster's actions constituted the unauthorized practice of law. Consistent with *In re Unauthorized Practice of Law*, we accepted the parties' declaratory judgment action in our original jurisdiction. The Linders also asked this Court to recognize a private right of action for the unauthorized practice of law. We declined to do so. *Id*. at 496–97, 560 S.E.2d at 622–23.

In *Hambrick*, the Hambricks alleged their mortgage lender charged them for "legal fees" when there was no lawyer involved in the transaction. 370 S.C. at 121, 634 S.E.2d at 6. The *Hambrick* Court held that, because the plaintiff's causes of action were "intertwined" with the mortgage lender's unauthorized practice of law in closing the loan without an attorney present, even the Hambricks' unjust enrichment claim based on the fee scam was precluded by *Linder*. The court of appeals also rejected the Hambricks' argument that the circuit court had jurisdiction to hear the unjust enrichment claim because this Court had already declared that the conduct at issue (closing a loan without a lawyer) constituted the unauthorized practice of law.

*Hambrick* was wrongly decided. While the court of appeals did not err in finding the Hambricks could not recover damages from their mortgage lender merely because their mortgage closed without an attorney (a private cause of action for the unauthorized practice of law), it did err in finding the Hambricks' unjust enrichment claim failed because it was "intertwined" with allegations that the defendant's conduct constituted the unauthorized practice of law. *Id*. at 124, 634 S.E.2d at 8 ("Every allegation in the complaint ultimately stems from the Hambricks's assertion that Ditech engaged in the unauthorized practice of law during the loan transaction."). We accordingly overrule the *Hambrick* "intertwined" test and hold circuit courts have subject matter jurisdiction to hear civil causes of action that include factual allegations of the unauthorized practice of law. The circuit courts may also adjudicate equitable actions and contempt motions that involve conduct this court has already deemed to constitute the unlawful practice of law. The Master therefore erred in dismissing Mack-Marion's claim on the basis of lack of subject matter jurisdiction.

However, we reaffirm *Linder's* holding that South Carolina does not recognize a cause of action for the unauthorized practice of law. A party must show something more than the unauthorized practice of law to have a valid claim. Although there is no independent civil cause of action for the unauthorized practice of law, a party

who has been proximately damaged by conduct that includes the unauthorized practice of law may still avail himself of any appropriate existing civil remedy. The mere fact that the conduct includes the alleged unauthorized practice of law will not defeat recovery, and evidence of such conduct is admissible. For example, one who has lost money or property due to actions of a fraudster may still pursue a civil action for fraud, even if the fraud was accomplished or accompanied by actions amounting to the unauthorized practice of law. If these actions reflect conduct that we have previously deemed the unauthorized practice of law, the trial court shall proceed and resolve the case like any other. But we will continue to resolve novel issues of whether conduct involves the unauthorized practice of law in our original jurisdiction.

We clarify that, when there is a novel question regarding whether an unlicensed individual has engaged in activities that should only be conducted by a member of the South Carolina Bar, the parties should file a declaratory judgment action in the Court's original jurisdiction. *Medlock*, 404 S.C. at 28, 743 S.E.2d at 831. If this novel question surfaces in the midst of litigation, the trial court should stay the action until this Court decides the declaratory judgment action. We anticipate such novel questions will rarely arise, given the ample precedent available to guide our trial courts.

## II.

As an alternative sustaining ground, U.S. Bank contends the Master correctly dismissed Mack-Marion's claim for failure to state of cause of action. *See* Rule 12(b)(6), SCRCP. We agree.

*Matrix* bars a lender from "the benefit of equitable remedies when that lender failed to have attorney supervision during the loan process as required by our law," but only after the effective date of that opinion. *Matrix*, 394 S.C. at 140, 714 S.E.2d at 535. In *BAC Home Loan Servicing, L.P. v. Kinder*, 398 S.C. 619, 624, 731 S.E.2d 547, 550 (2012), we reaffirmed the prospective-only nature of the remedy issued in *Matrix* and clarified that mortgages recorded before August 8, 2011 would be enforceable in a court of equity. Mack-Marion's mortgage at issue here was recorded before August 8, 2011. Therefore, regardless of Mack-Marion's lender's alleged unauthorized practice of law, U.S. Bank is not barred from the equitable remedy of foreclosure.

Mack-Marion asks us to readdress *Matrix* and declare it applies retroactively to any loans closed without an attorney supervision, regardless of the recording date. We see no sound reason to do so.

Accordingly, the Master's order dismissing Mack-Marion's declaratory judgment claim is

**AFFIRMED AS MODIFIED.**

**KITTREDGE, C.J., FEW, JAMES, JJ., and Acting Justice Donald W. Beatty, concur.**